JOHN DAVIS, appellant, *vs.* ELIJAH McVICKERS, appellee.

11  327
86a 659

*Appeal from Cass.*

Where the promissory notes sued on, and an agreement respecting them, were executed at the same time, between the same parties, about the same subject matter, they must be construed together, and considered as forming but one contract.

If a party gives promissory notes as the consideration for land, and he cannot acquire the title to the estate purchased, there is a failure of consideration, which may be set up to defeat a recovery on the notes.

In conveying lands sold on execution, a sheriff can only make the deed to the purchaser, his assignee or legal representative. A deed to a stranger would be a nullity.

Elijah McVickers brought his action in the Cass Circuit Court, by petition and summons, upon two promissory notes, for $300, given by Davis, the appellant, to him.

Upon the return of the process, Davis pleaded failure of consideration, setting forth that the notes were given upon an article of agreement, executed between the parties, by which McVickers bound himself to convey to Davis, when the payments specified in said articles should be complied with, certain land therein described, referring in said articles to the notes sued on, and averring that the said McVickers had not conveyed, and had not, at the time of the giving of the notes, nor at the commencement of the suit, power to convey said land; because the said land had been sold by the sheriff of Cass county, upon a judgment and execution in the case of James McVickers vs. John Morris, and a certificate of purchase executed therefor to said James McVickers; and that afterwards, said sheriff executed a deed for the said land to the said Elijah McVickers, who represented himself to be the sole heir of said James McVickers; whereas, in truth, James McVickers was living at the time of the execution of the sheriff's deed, and entitled thereto. To this plea plaintiff demurred; there was joinder in demurrer, which was sustained by the Court. Woodson, Judge, presiding.

The defendant below prayed this appeal, and assigned for error, the sustaining the demurrer to the plea.

STUART & EDWARDS, for appellant.

S. W. ROBBINS, for appellee.

Opinion by TREAT, C. J.:

The notes sued on and the agreement set forth in the plea, having been executed at the same time, between the same parties, and respecting the same subject matter, must be construed together, and considered as forming but one contract. Bailey vs. Cromwell, 3 Scammon, 71; Duncan vs. Charles, 4 ib., 561. The agreement to execute a deed was not the real consideration of the notes; the true consideration was the estate agreed to be conveyed. Tyler vs. Young, 2 Scammon, 444; Mason vs. Wait, 4 ib., 127. If it is not in the power of the plaintiff to make a good title to the estate, the defendant is not bound to

pay the purchase money. He cannot be compelled to pay the notes, unless he can obtain that for which they were given. If he cannot acquire the title to the estate purchased, there is a failure of the consideration, which may be set up to defeat a recovery on the notes. Gregory *vs.* Scott, 4 Scammon, 392; Duncan *vs.* Charles, ibid, 561.

Does the plea show that the plaintiff is not in a condition to make a good title to the land? It alleges that James McVickers purchased the land at a sheriff's sale, and received a certificate of purchase; and that, subsequently, and while the purchaser was alive and entitled to a deed, the sheriff conveyed the land to the plaintiff, as the sole heir of such purchaser. If these allegations are true, it is clear that no title passed by the conveyance. James McVickers was not bound by this act of the sheriff; and he may compel the sheriff to execute a deed to him as the purchaser, which will vest in him the legal estate. In conveying land sold on execution, a sheriff can legally only make the deed to the purchaser, or the assignee of the certificate of purchase; or, in case of the death of the party entitled to the deed, to his legal representatives. His deed to a stranger would be a nullity. The grantee of a sheriff does not make out title by the mere production of the sheriff's deed. He must, in addition, show a judgment and execution, that authorized the sheriff to make the sale and conveyance. The deed passes no title unless it is based on a judgment and execution. The judgment is the foundation of the proceedings, and the grantee of the sheriff must connect himself with it, as the purchaser at the sale, or the assignee or legal representative of the purchaser. This, if the plea is true, the plaintiff cannot do. The attempt to do it, instead of showing title in the plaintiff, would prove that another person was entitled to a deed, who could compel the sheriff to execute it. The plea shows that the plaintiff is a mere stranger to the judgment and the proceedings under it, and has no interest in the title to be deduced therefrom.

The judgment of the Circuit Court will be reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*