JOHN HUFFMAN, Respondent, *v.* JAMES ACKLEY, Appellant.

*Practice—Instructions.*—Mere abstract propositions of law, not applicable to the evidence and particular case, are properly refused.

*Statute of Frauds.*—It is at the option of the parties to a parol contract, relating to the purchase and sale of land, to set up the defence of the Statute of Frauds.

*Contract—Sale.*—The plaintiff suing for the purchase money of land sold and conveyed, must show as a condition precedent to a recovery that he had conveyed or caused to be conveyed to the purchaser the title or interest sold.

*Appeal from St. Charles Circuit Court.*

*Krekel & Bruere*, for respondent.

*Wm. A. Alexander*, for appellant.

Plaintiff sued for $140, which he alleged was the amount of his undivided interest in a tract of 140 acres, which he

had sold to defendant. Defendant denied the purchase and sale.

At the trial it appeared that George Huffman, Sr., died seized of the land, leaving eleven heirs, among whom were plaintiff, defendant's wife, George Huffman, Isaac Huffman, and others. At a partition sale by the sheriff, George Huffman bought the 140 acres at $16 per acre, paid the money and took a deed, and subsequently sold a divided half, 70 acres, to the defendant, at $20 per acre, and gave his obligation to convey upon complete payment of the purchase money. George Huffman, Jr., died, and, under order of the Probate Court, his administrator made a deed for the 70 acres to the defendant.

The plaintiff claimed one-fourth of the difference between the price of the 140 acres, at $20 per acre, and $16 per acre, the price it brought at sheriff's sale, on the ground that at said sale George Huffman Jr., bought said 140 acres for the mutual interest of plaintiff and defendants, George and Isaac Huffman, these parties agreeing that the land was worth $20 per acre, and that George should bid in the land for their joint benefit if it sold for a lower price.

There was no written agreement between these parties, and plaintiff never paid any part of the purchase price at $16 per acre, but claimed of defendant one-fourth of the difference between $20 and $16 per acre, or $1 per acre, as if he had owned and conveyed the land.

The court gave the following instruction, asked by plaintiff:

If the jury shall find from the evidence that plaintiff, together with defendant, Isaac and George Huffman, agreed to bid in the land for themselves, and they shall further find that the land was so bid in by George Huffman ; and the jury shall further find, that there was an agreement between plaintiff and defendant that defendant would pay four dollars per acre for his (plaintiff's) interest in said land ; and they further find that said George sold and agreed to convey said land, and that defendant, in consequence of the agreements

and the sale by George Huffman to defendant, has obtained the title to said land, they should find for plaintiff the amount which defendant agreed to pay plaintiff, with interest at six per cent. from date of sale.

The following instructions were then asked by the defendant and refused by the court:

1. The jury are instructed that a promise by defendant to plaintiff to pay him for his interest in said land is void, unless said contract is in writing, signed by defendant.

2. The plaintiff cannot recover in this case until he makes defendant a title to his interest in the land sold.

3. The jury are instructed that no action can be brought and recovery had upon a contract for the sale of lands, or any interest in or concerning lands, unless the agreement upon which the action is brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person lawfully authorized by him to sign the same.

4. The jury are instructed, that if they believe from the evidence that George Huffman bid in the lands mentioned in plaintiff's petition, and a deed was executed to him by the sheriff therefor, and that he or his administrator paid for the same, and that there was no agreement in writing signed by said George Huffman, or by some person authorized by him, to the effect that he bought and held said land jointly for himself, Isaac Huffman, plaintiff and defendant, the said deed stands good, and conveys to George Huffman alone the lands in said deed mentioned, and does not convey to John Huffman any interest therein.

All of which were refused by the court; to which the defendant excepted.

BATES, Judge, delivered the opinion of the court.

The instruction given for the plaintiff was erroneous, in that it did not require as a condition of the plaintiff's recovery, that the plaintiff's alleged interest in the tract of land should have been conveyed to the defendant. The pe-

tition stated that the plaintiff's interest (which was stated to be an undivided fourth of the whole) was conveyed to the defendant by George Huffman. This conveyance was the alleged consideration of the debt of the defendant to the plaintiff, and its proof was a necessary precedent to a recovery by the plaintiff, yet the instruction authorizes a recovery, if he has obtained title to the land by means of an independent purchase from George Huffman. The importance of this omission appears from an examination of the testimony, which shows that the defendant bought the whole estate in a specified portion of the land, and not an undivided fourth of the whole tract, from George Huffman ; but that no connection of the plaintiff with that purchase is shown at all, and no conveyance or intention to convey any interest of the plaintiff in the land is shown by testimony.

The instructions asked by the defendant were properly refused. The first and third were mere abstract propositions of law, upon which we give no opinion. Instructions should be so framed as to apply directly to the whole case, properly made in evidence under the pleadings.

The second should have stated an hypothetical case. The fourth assumed that a parol promise by George Huffman would be absolutely void, whereas it was optional with him to avail himself of the statute of frauds or not.

We give no opinion whether the statute of frauds may be pleaded in this case or not.

Judgment reversed and cause remanded.