## MATTHEW ILES v. JOHN B. ELLEDGE.

1. FOREIGN JUDGMENTS *In Rem; Service by Publication Only; Recitals.*
The recitals of a judgment *in rem*, obtained without personal service in a sister state, and by publication only, where none of the defendants to the suit make any appearance in the court rendering the judgment, are no evidence of debt, nor evidence of tender of a deed, in a separate action pending in this state between the same parties to recover upon a promissory note.

2. PURCHASE-MONEY OF LAND; *Tender of Deed Necessary to a Recovery.*
Where a note is given for the price of land, under a contract that if the note is paid at maturity the payee will convey the land to the maker, the law requires a tender of a conveyance of the land in order to maintain a suit upon the note given for the price of the land.

### *Error from Brown District Court.*

ACTION by *Elledge,* who had judgment against *Iles* for $5,348.80, and costs, at the October Term 1875. *Iles* brings the case here. All the facts appear in the opinion.

*Albert Perry,* and *C. W. Johnson,* for plaintiff in error, that the contract was mutual, and that neither party can sue, Elledge on the note, nor Iles for specific performance, without having tendered performance, cited, 2 Hilliard on Vendors, 71 to 92, 312, 316, 443; Layden on Vendors, 162, 245; 13 N. Y., 108; 17 Wis. 105; 21 Barb.; 324; 34 Mo. 277; 8 Ohio, 49; 19 Ohio, 354; 20 Iowa, 195; 5 Ind. 117, 518.

*Price & Heatley,* for defendant in error, argued, that the laws of the place where the land is situated govern the contract regarding the sale of it: 2 Pars. Contr. 83, 571; Story on Confl. of Laws, §§ 363, 364. It is never necessary for a party to follow another out of the state to make a delivery or tender. 2 Pars. Contr. 162, 649, 650; 30 Mo. 243.

The opinion of the court was delivered by

HORTON, C. J.: This was an action upon a promissory note. The defense was, that the note sued on was executed

in consideration of a sale of lands made by Elledge to William A. and Matthew Iles; that on such sale Elledge executed and delivered to the said Ileses a bond for a deed of the lands therein named, which recited among other things, that on the payment of the note, Elledge would execute a deed to said W. A. and M. Iles to the said real estate. The case was submitted to the court, a jury being waived, and the court at the instance of the parties, stated in writing the conclusions of fact found, separately from the conclusions of law. They were as follows:

*Conclusions of Fact:* 1st.–On the 15th of January 1865, the defendant Matthew Iles (served with summons in this case) with William A. Iles and William H. Dooley, not served, and who do not answer, made and delivered to the plaintiff, John B. Elledge, his promissory note for $3,393, payable on the first day of January 1871, with ten per cent. interest per annum.

2d.–On said day, and as a consideration therefor, the plaintiff made and delivered his bond to the said Matthew Iles, in the sum of $5,000, to be void if on payment of said sum of $3,393, being said note, the said John B. Elledge shall make to the said Matthew Iles a deed to the following described lands situate in Cass county, state of Missouri, to-wit: the N.E.¼ of section 16, and S.W.¼ of N.W.¼ of section 36, all in township 45, of range 33, containing 210.90 acres, at $15 per acre, making $3,043.50, and the further consideration of $249.50 remaining due for other lands sold by plaintiff at the time said note and bond were executed to the said Matthew Iles, and for which said Elledge at that time executed deeds, all of which was one transaction.

3d.–Said deed, bond, and note, were executed in Doniphan county, Kansas, where said Iles and other makers of said note, as well as the plaintiff, resided.

4th.–Said Matthew Iles in 1866 paid on said note the sum of $240, and also in the same year, the further sum of $131.25.

5th.–Ever since the making of said note and bond, Matthew Iles has resided in said Cass county, Missouri, and in Brown county, Kansas; and it does not appear that the residence of said Iles was at any time unknown to plaintiff.

6th.–In 1871, the plaintiff commenced an action for the specific performance of said contract, and to recover the

amount of said note. Such action was commenced in the circuit court of Cass county, Missouri, against Matthew Iles and William H. Dooley. At the October term 1871 of said circuit court said plaintiff recovered judgment against Matthew Iles and William H. Dooley on said note, and an order for the sale of the foregoing-described land.

7th.—In said action neither Matthew Iles nor William H. Dooley, nor William A. Iles, were personally served, nor did either of them appear in said action, by attorney or otherwise, but the service therein was by publication.

8th.—Said land was sold at sheriff sale, and plaintiff became the purchaser thereof, and gave credit on the note for the sum of $502.48, the proceeds arising from said sale.

9th.—On the 16th of March 1875, the sheriff of said Cass county executed a sheriff's deed to said lands to said plaintiff.

10th.—No deed of said lands has been tendered said Matthew Iles nor said William A. Iles, by said Elledge.

11th.—The recital of said record of said suit in said Cass county circuit court, shows that a deed had been tendered Matthew Iles.

12th.—Said Matthew Iles never went into the possession of said lands.

13th.—William A. Iles cut and sold timber off the forty-acre tract, and some of the timber so cut by said William A. Iles was used by defendant Matthew in improving other lands owned by said Matthew in Cass county, Missouri.

14th.—Since said sale and sheriff's deed, John B. Elledge took possession of said lands, and has improved the same, and now occupies them.

15th.—Since the making of said sheriff's deed to said Elledge, he has not made tender of any deed to William A. Iles, nor to Matthew Iles.

16th.—There is now due on the said note from the defendant Matthew Iles the sum of $———, drawing ten per cent. interest.

17th.—The note mentioned in plaintiff's petition was executed for the said sum of $3,393 mentioned in the bond of John B. Elledge.

*Conclusions of Law*: 1st.—The recitals of said record of said action in the circuit court of Cass county, Missouri, are conclusive, that a deed had been tendered Matthew Iles.

2d.—It is not necessary that a tender of a deed should be made by plaintiff before a right of recovery on the note ac-

crued to the plaintiff against Matthew Iles in this action now pending here.

Thereon judgment was rendered against said Matthew Iles for $5,348.80, and costs.    The proper exceptions were taken, and the case is here for review.

The conclusions of law found by the court below are erroneous, and upon the findings of fact, the judgment itself was wrongfully given for the defendant in error.    The recitals contained in the record of the action of John B. Elledge against Mathew Iles, and others, tried in the circuit court of Cass county, state of Missouri, were neither conclusive that a deed had been tendered to Matthew Iles, nor even *prima facie* evidence of such fact.    The suit in that state was only a proceeding *in rem;* and while such judgment is good in regard to the property therein appropriated, it is not evidence of debt in Kansas, nor of the matters therein stated.    No personal service was had upon the defendants, or either of them, in that court; and none of them ever made any appearance in the case.    The judgment was obtained upon service by publication, and only binds the property converted.    The judgment is only good in the state where rendered, not here.

The defense made to the note was a good one, and when it was shown that no deed had been tendered, judgment should not have been rendered in favor of Elledge.    The balance due on the note was the consideration of the land agreed to be conveyed by the defendant in error to Matthew and Wm. A. Iles.    The note and bond are to be construed as dependent stipulations.    All the parties to the papers must perform at the same time, neither being under any obligation to trust the other.    As it appears that Elledge has neither delivered nor tendered a deed, he cannot maintain an action for the purchase-money embraced in the note sued on. *Winton v. Sherman,* 20 Iowa, 295; 2 Hilliard on Vendors, 71; *Huffman v. Ackley,* 34 Mo. 277; *Campbell v. Gittings,* 19 Ohio, 347; *Davis v. McVickers,* 11 Ill. 327; *Bucher v. Consadt,* 13 N. Y. 108.

The judgment of the court below must be reversed.

All the Justices concurring.