THE STATE OF KANSAS v. FREDERICK E. THOMPSON.

1. PURCHASE-MONEY OF LAND, *Action for; Tender of Deed.* T. purchased, on February 15, 1869, certain land belonging to the endowment of the state agricultural college; paid one-eighth of the purchase price down, and executed his seven promissory notes for the balance, maturing in one, two, three, four, five, six and seven years respectively, with ten per cent. interest on each installment, payable annually. The agent of the board of regents of the college executed to the purchaser a title bond to convey the premises to him by good and sufficient deed of general warranty. T. paid the notes falling due February 15, 1870, February 15, 1871, February 15, 1872, and the annual interest on the other notes to February 15, 1875, after which he failed to pay the interest or any part of the balance of the purchase-money. *Held,* In an action commenced in January, 1877, against T., to obtain a judgment upon the notes overdue, and to foreclose the equities of such purchaser, no tender of a deed or patent from the state is necessary.

2. ―――― *Case Cited, and Distinguished.* In this case, *Iles v. Elledge,* 18 Kas. 296, is not applicable, as the purchaser of such lands must pay all the installments before the governor issues a patent, and the power of the agent to make sales is defined and limited by law, of which a purchaser is bound to take notice.

*Error from Marshall District Court.*

AT the December Term, 1877, of the district court, *Thompson* had judgment against *The State* for costs. *The State* brings the case here. The facts appear in the opinion.

*Green & Hessin,* for The State.

*Love & Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced in the name of the state, upon four promissory notes executed by the defendant Thompson, and a land contract or title bond given to him by one Isaac T. Goodnow as agent of the state, for the sale of certain land granted to the state by the act of congress of July 2d, 1862, for the benefit of agriculture and the mechanic arts. The title bond was dated February 15, 1869. The defendant paid one-eighth of the purchase price at the time of the sale, and executed seven promissory notes for the balance, to mature in one, two, three, four, five, six and seven years, respectively, with ten per cent. interest on each installment, payable annually. The defendant afterward paid the notes falling due February 15, 1870, February 15, 1871, February 15, 1872, and the annual interest on the notes remaining unpaid to February 15, 1875, after which he failed to pay the interest or any part of the purchase-money. Judgment was demanded in the petition upon the several promissory notes then due, and to foreclose the equities of the purchaser. The case was submitted to the court without the intervention of a jury, and a judgment rendered against the state for costs, upon a demurrer of defendant to the evidence. The error relied upon is the sustaining of this demurrer. The counsel for plaintiff in error assume the court decided the case on the ground that there was no proof of a tender of a deed before the action was commenced. The defendant in error has failed to furnish any brief, and it is impossible to determine from the record the reasons for the ruling of the court. We shall accept the statement of plaintiff's counsel, and only consider whether there was a necessity for the tender of a deed.

The authority to sell these lands is contained in ch. 3, Gen. Stat., and the powers of the agent employed to make the sales are set forth and defined in the various sections of the chapter. Section 4 provides that when the last installment upon any one purchase is paid, the purchaser, his heirs or assigns shall

be entitled to a patent for the land from the governor. This patent confers upon the grantee a title in *fee simple* for the lands therein named. The payment of the purchase-money is a precedent act to the issuance of the patent, and therefore such payment is not dependent upon the tender of a deed or the patent. The case of *Iles v. Elledge*, 18 Kas. 296, is not in point.

The court below may have construed the terms of the bond executed by the agent to require the tender of a deed, owing to the condition therein to convey "by good and sufficient deed of general warranty," but such agent had no power to execute a deed. His authority was limited to the execution of receipts for purchase-money and the title bonds. On final payment, the governor was the party to execute the conveyance in the form of a patent, under the great seal of the state. The written bond must be interpreted in connection with the powers conferred by the law under which the agent acted and the purchaser bought the land. The defendant was bound to know the law and the extent of the authority of the agent as limited by the law. The law entered into and was a part of the contract of purchase. Sec. 7, ch. 13, Laws of 1871, does not apply, as the contract was executed in 1869, and part payment had been made prior to the passage of the law.

The judgment of the district court will be reversed, and the cause remanded with directions to overrule the demurrer to the evidence.

All the Justices concurring.