The opinion of the court was delivered by
Brewer, J.:
This was an action on a note and a bond for a deed. The petition alleges a sale of certain real estate; that a note was given for the purchase-price; that a bond was given by the vendor to convey the real estate upon the *327 -payment of the note. Both the note and the bond were ■copied into the petition. An answer was filed, and the case went to trial. Judgment was rendered in favor of the plaintiff, decreeing the amount of the note a lien .on the property; that the property be sold, and the proceeds applied in satisfaction of this amount. The court found specially that no tender of a deed had been made prior to the commencement of the action. Defendants bring the record here, •and allege as error that the action was prematurely brought, in that it'was brought before any tender of the deed.
The cases of Iles v. Elledge, 18 Kas. 299, and Close v. Dunn, 24 Kas. 372, are decisive on this question in favor of the plaintiffs in error. In the first case cited, speaking of' instruments similar to those in this ease, Chief Justice Hoe-ton, speaking for the court, said:
“The note and bond are to be construed as dependent stipulations. All the parties to the papers must perform at the same time, neither being under any obligation to trust the other. As it appears that Elledge has neither delivered nor tendered a deed, he cannot maintain an action for the purchase-money embraced in the note sued on.”
Counsel for defendant in error would distinguish this case from that, in this: that no personal judgment was rendered upon the note in the case at bar, but only a decree adjudging the amount of the note a lien upon the real estate; but the distinction amounts to nothing. The note and bond being dependent stipulations, neither party can put the other in default save by a performance or an offer to perform on - his part. No action can. be maintained on the note, not even to .adjudge it a lien, until the plaintiff has offered to convey the premises. The petition alleges a tender, but the court found that there had been none. This is not a mere technical rule, but one founded in substantial justice and to prevent unnecessary litigation. If the plaintiff had tendered a deed, defendant might have accepted it and paid the note, and thus all litigation would have been avoided. Perhaps defendant’s failure to pay was simply owing to forgetfulness. At any *328 rate, before either party can justly summon the other into court and impose .the expense and annoyance of a suit, he should at least tender performance on his part.
We see nothing in the condition of the record which prevents us from passing upon this question. A motion for a new trial was duly filed, and overruled. The journal entry of judgment and the bill of exceptions each shows that the court found that no tender had been made. The judgment of the district court will therefore be reversed, and the case1 remanded with instructions to grant a new trial.
All the Justices concurring.