T. ALEXIS BERRY v. THE FAIRMOUNT TOWN COMPANY.
### No. 124.

DEMURRER *Improperly Overruled.* The court erred in overruling the demurrer of the defendant below to the petition of the plaintiff below. (*Iles v. Elledge,* 18 Kan. 296; *Close v. Dunn,* 24 id. 372; *Morrison v. Terrell,* 27 id. 326; *Sanford v. Bartholomew,* 33 id. 38; *Soper v. Gabe,* 55 id. 646.)

MEMORANDUM.—Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by The Fairmount Town Company against T. Alexis Berry on a contract for sale of realty. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed September 5, 1896, states the material facts.

*F. Nighswonger,* and *Keach & Dubois,* for plaintiff in error.

*J. V. Daugherty,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: A motion has been filed by the defendant in error asking us to dismiss this case for the reason that the record fails to show the presence of the defendant in error at the time the case made was settled, or that he had been served with notice, or had waived notice of the time and place of such settlement. Affidavits have been filed, which are uncontradicted, that the attorney for the defendant in error was present when the case made was settled and signed. This brings the case within the rule laid down in *Bank of Claflin v. Rowlinson,* 2 Kan. App. 82, and the motion to dismiss will be overruled.

This was an action to recover the amount of the last installment claimed to be due upon a contract of

sale by which the town company sold to Berry four lots in Iuka, Kan.   The defendant below demurred to the petition of the plaintiff below, which said demurrer was by the court overruled.   Judgment was rendered against Berry, and he brings the case here for review.

The errors complained of may all be disposed of by a decision upon one legal question, viz.: Must the vendor allege and prove the execution and tender of a deed conveying title as a prerequisite to his right to maintain an action for the purchase price of the lots? The contract sued upon provides that, in consideration of the stipulations and payments provided for therein, the vendor will sell to the vendee and convey in fee simple, clear of all incumbrances whatsoever, by a good and sufficient warranty deed, the lots described therein.   The petition filed in the court below set up the contract and the breach thereof, and alleged that the plaintiff below was and is ready and willing to execute and deliver a good and sufficient warranty deed upon compliance with the terms of the contract by the defendant below, but that said defendant has wholly failed and refused to pay said third installment, etc.   No tender of conveyance was alleged in the petition.   The answer was a general denial, except the execution of the contract.   The plaintiff below moved for judgment upon the pleadings on October 22, 1890.   Upon its hearing, on the 23d day of December, 1890, the town company filed with the clerk of the court its warranty deed to the lots, making the defendant below the grantee therein.   Counsel for the town company contend that in equity this is an action for specific performance, and that the deed tendered on December 23, 1890, is sufficient.

We are of the opinion that the legal proposition

embodied in this case has been settled by our supreme court. In the cases of *Iles v. Elledge*, 18 Kan. 296; *Close v. Dunn*, 24 id. 372; *Morrison v. Terrell*, 27 id. 326; *Sanford v. Bartholomew*, 33 id. 38; *Soper v. Gabe*, 55 id. 646, it is held that the contracts are mutual, and that neither party can maintain an action for the completion of the contract until he tenders performance upon his part. A careful review of these cases satisfies us that the court erred in overruling the demurrer of the defendant below to the petition of the plaintiff below. In *Morrison v. Terrell*, supra, the court says:

"Before either party can justly summon the other into court and impose the expense and annoyance of a suit, he should at least tender performance on his part."

In *Soper v. Gabe*, supra, (which was an action upon a contract almost identical with the one in this action, and, so far as this question is concerned, exactly similar,) the court says:

"It is well settled in this state that a vendor cannot enforce a contract like the one in question and collect the purchase price of the land which he has agreed to convey without alleging and proving that he has performed his own obligation by making and tendering a deed of conveyance. As the delivery and tender of a deed is a prerequisite to compel a performance, allegations of a tender or offer of performance in the petition were essential; and as the petition of the plaintiffs below wholly failed in this particular, no right of action was shown, and the court committed error in overruling the demurrer."

The judgment of the court of common pleas of Sedgwick county, Kansas, is reversed, and the case ordered sent to the district court of that county, with instructions to proceed in accordance with the views expressed in this opinion.

All the Judges concurring.