## CHARLES R. SMITH v. FREDERICK KREAGER.

### No. 247.

JUDGMENT IN REM—*not transformed into 'one in personam by subsequent appearance.* An action was brought to foreclose a mortgage upon land, wherein S. and K. were codefendants. In that action K. obtained judgment against S. foreclosing a second mortgage upon the land subject to the prior mortgage, and appropriating to the payment of K.'s claim the residue of the proceeds from the sale of the land after satisfying the first mortgage. S. during all of this time was a non-resident of the State and service on him was had by publication only. After the sale of the mortgaged premises and the application of the proceeds according to the judgment, the plaintiff appeared and filed an application to set aside the judgment in favor of K., that he might defend against his cause of action. An order was made that the

judgment should be opened up when the plaintiff had paid the costs of the suit. This he did not do, and the judgment was not opened. *Held*, that this subsequent appearance did not have the effect of changing the original judgment, which was in the nature of a judgment *in rem*, into a personal judgment against the plaintiff, nor did the cause of action of the defendant K. merge in such judgment. Such judgment is not competent evidence of a counterclaim plead in an answer alleging the recovery of a personal judgment against the plaintiff.

Error from Ottawa District Court. Hon. R. F. Thompson, Judge. Opinion filed November 15, 1897. *Reversed*.

The facts of this case, so for as they are necessary to understand the questions in this court, show that this was an action begun by Smith against Kreager to recover for money which Smith claimed that Kreager owed him. Kreager met this charge with allegations that he had a judgment against Smith which left a balance due him. This judgment was rendered against Smith in a foreclosure proceeding, upon constructive service only. Afterward Smith had appeared, and upon his motion the court had ordered that the judgment be vacated, and that Smith be permitted to defend against Kreager, upon condition, however, that Smith first pay the costs of the action. Here the proceeding stopped. Smith never paid the costs, and the judgment remained. It was upon this judgment that Kreager sought to recover. The court permitted this judgment to be introduced as showing a valid indebtedness. The real question in this case is, Did the application of the judgment debtor to open the judgment convert it from a judgment *in rem* into a judgment *in personam?*

*R. A. Lovitt*, for plaintiff in error.

*J. B. Tomlinson*, for defendant in error.

SMITH v. KREAGER.                                 273

Nov. 15, 1897.        Opinion.    Mahan, P. J.            C. Div.

MAHAN, P. J.    If the judgment remained as it was originally — a judgment in the nature of a judgment *in rem* only — it could not be used as evidence of indebtedness in the court rendering it, or in any other.    See the opinion of Mr. Justice Miller, of the United States Supreme Court, in *Cooper v. Reynolds,* 10 Wall. 308 ; *Iles v. Elledge,* 18 Kan. 296 ; *Amsbaugh v. Exchange Bank,* 33 id. 100 ; *Pennoyer v. Neff,* 95 U. S. 714 ; *Wood & Pond v. Stanberry et al.,* 21 Ohio St. 142.

It has been held frequently by our Supreme Court that an appearance, subsequent to a judgment entered, where there was a defective service, and even in the absence of any service at all, was a waiver of the question of jurisdiction, and confirmed it to the extent, at least, of the jurisdiction attempted to be exercised by the court in such case.    The first case reported is *Cohen v. Trowbridge* (6 Kan. 385).    That was an action in attachment under which land had been sold and the sale confirmed.    Subsequently, the judgment and the sale were set aside and a new judgment entered. Both parties complained of the action of the court. The plaintiff complained of the action of the court in vacating his judgment and sale, and the defendant, in the action of the court in rendering judgment against him after his appearance, without giving him an opportunity to make his defense ; he also contended that his appearance did not give the court jurisdiction to render a judgment against him.    The Supreme Court held that his appearance was a general one, not being an attack upon the jurisdiction of the court alone, but that the court erred in not allowing him time to make his defense.

In the case of *Life Association v. Lemke* (40 Kan. 142), there was a personal judgment against the life asso-

18—6 KAN. APP.

274 SMITH V. KREAGER.

N. Dept.     Opinion.  Mahan, P. J.     6 Kan. App.

ciation upon default. The association moved to vacate the judgment upon the ground that the court had no jurisdiction of the defendant, and also upon other non-jurisdictional grounds. This motion was denied, and the defendant company appealed. The court held that the motion constituted such a general appearance as waived the jurisdictional question, and was an affirmance upon the part of the defendant of the right of the court to proceed to render the judgment which the court did render, to the same effect as though it had voluntarily appeared at the trial.

The case of *Burdette v. Corgan* (26 Kan. 102) is cited by Commissioner Clogston in support of his opinion in that case. The case of *Burdette v. Corgan* was an action of forcible detainer before a justice of the peace to recover certain land in Allen County. It was certified to the district court upon a plea of title. The case involved the validity of a decree entered in a case of the foreclosure of a mortgage, in which service on the defendants, who were non-residents and some of them minors, was made by publication. After the judgment of foreclosure and sale of the property, the defendants appeared and filed a motion to vacate the judgment, which was overruled by the district court. That order was subsequently reviewed in the Supreme Court in the case of *Walkenhorst v. Lewis* (24 Kan. 420), and the judgment of the district court affirmed. It was contended in *Burdette v. Corgan*, supra, that the defendant was not concluded by the decree, because one of the heirs having title to an interest in this property was not served with any notice in the case. But the court held that, by subsequently appearing in the case upon the motion to vacate the judgment upon non-jurisdictional as well as jurisdictional grounds, the defendant had waived the

question of jurisdiction and made himself a party
so far as to confirm the judgment of the court con-
demning and selling the property to satisfy the mort-
gage debt. This is as far as the court goes in that
case. It did not involve a question of personal judg-
ment, but did involve the validity of the foreclosure
decree and sale ; that is, the appearance affirmed the
jurisdiction of the court as far as it attempted to exer-
cise the same and no farther.

The case of *Meixell v. Kirkpatrick* (29 Kan. 679) is
likewise referred to in *Life Association v. Lemke*, supra,
as sustaining the opinion in that case. In the case of
*Meixell v. Kirkpatrick*, supra, the action was begun in
the District Court of Wilson County against Meixell
and Matthewson by Kirkpatrick. Matthewson was
served in Wilson County and afterward Meixell was
served with summons in Labette County. A demurrer
was sustained to the petition on the ground that there
was a misjoinder of the causes of action in that Kirk-
patrick's action was not a joint action against Mat-
thewson and Meixell, but was a separate action against
each of them. Under the provision of the statute,
the court permitted Kirkpatrick to file separate peti-
tions against the defendants Matthewson and Meix-
ell. There was a judgment for the plaintiff against
Meixell upon this separate petition. The plaintiff
also recovered a judgment against Matthewson. The
plaintiff and Matthewson made a settlement, by which
the judgment against Mathewson was assigned to his
— Matthewson's — wife. Meixell brought an action to
restrain the collection of the judgment against him
upon the ground that the settlement of the Matthew-
son judgment had the result in law of discharging
him likewise. In that action he contended that the
court was without jurisdiction, by reason of the fact

276          SMITH v. KREAGER.

N. Dept.          Opinion.   Mahan, P. J.          6 Kan. App.

that he was not served in the county where the action was brought. But the court held that he had, by making a general appearance and by a plea involving the merits of the case, waived the question of jurisdiction, and that the court had jurisdiction to render personal judgment against him, notwithstanding he was not lawfully served with summons in the cause. In this case it will be observed that the proceedings were *in personam*, and that the court in the exercise of its jurisdiction had rendered a judgment *in personam;* that the appearance was before the judgment, and not after.

The case of *Fee v. Big Sand Iron Co.* ( 13 Ohio St. 563 ), to which our Supreme Court has referred in some of its decisions in support of its opinions, is likewise a case where there was a void service of summons and the court assumed jurisdiction to render a personal judgment thereon. There was a subsequent appearance by giving notice to appeal. The case was then presented upon error to the Supreme Court, and there it was contended that the court below had rendered a judgment without jurisdiction. But the Supreme Court said that, by entering an appearance for the purpose of giving notice of an appeal, the question of jurisdiction had been waived and the defendant had made itself a party to the suit, and affirmed the court's jurisdiction to render the judgment which it did.

The case of *Marsden et al. v. Soper* ( 11 Ohio St. 503 ) is a similar case, where the court attempted to exercise jurisdiction and render a personal judgment upon a warrant of attorney to confess a judgment. The court held that an appearance by motion to vacate the judgment, subsequently made by the defendants upon grounds other than jurisdictional, was an entry

of appearance and a waiver of exception to the jurisdiction of the court to render the judgment that it did render.

Giving full force and effect to these decisions and each of them, it does not follow that the subsequent entry of appearance by the plaintiff in the Hamilton case for the purpose of setting aside the judgment based upon the constructive service and for permission to defend against the claim of Kreager, served to convert that proceeding in the nature of a proceeding *in rem*, into a proceeding *in personam*, and to convert the judgment, which appeared upon its face to be a judgment in the nature of a judgment *in rem*, into a personal judgment against Smith. I cannot see upon what principle of law it can be contended that this appearance would have that effect. It is very clear that, even if the court had not had jurisdiction to render the judgment it did render, so that by reason thereof the title of the plaintiff Smith in the mortgaged property had not been divested, and the application of the proceeds of the sale to the payment of the claims found by the court to be due in that proceeding was not binding upon Smith, by his subsequent appearance he gave validity to this judgment. By appearing he waived any exception to the jurisdiction of the court, and everything adjudicated by the court then became conclusive as to him. But it would not transform the judgment *in rem* to one *in personam* against him, so that an execution might issue thereon; nor would it constitute evidence of an indebtedness so as to be in itself a cause of action, as the note was in the first instance. If we are right in this, it follows that the court erred in admitting the judgment as evidence, in refusing to withdraw it from the consideration of the jury, and in instructing the

278      SMITH v. KREAGER.

N. Dept.      Opinion.   Mahan, P. J.      6 Kan. App.

jury that the record was conclusive evidence of the indebtedness against Smith.

In the course of the trial, the plaintiff offered to prove that there had been no failure of crops during the term of the lease by the defendant Kreager. This was objected to by the defendant, and the court sustained the objection upon the ground that there was nothing in the petition that gave the defendant notice that such proof would be offered. The petition charges a conveyance of the farm to the defendant by deed, absolute upon its face, but intended as a mortgage; that there was a written contract between the plaintiff and defendant at the time the deed was made, by which the defendant undertook to rent the farm, collect the rents and apply the proceeds according to the terms of the contract; that he had received, on account of this lease, three years' rent at three hundred dollars per annum. By the terms of the lease, which was offered in evidence, the defendant was to pay Kreager three hundred dollars per annum in certain instalments. There was a condition, however, in the lease to the effect that if there should be a failure of both wheat and corn crops during any year of the term, the rent should be but one hundred and fifty dollars per year; if there was a partial failure of either wheat or corn, that the rent should be apportioned, not to be, however, less than one hundred and fifty dollars per annum. It appeared from the evidence that the defendant had paid but two hundred and fifty dollars for the first year, and one hundred and fifty dollars for each of the succeeding two years. It was upon this lease that the petition charged the defendant with the receipt of the money. It was for this rent specified in the lease that the plaintiff brought the suit. The defendant made the lease. The petition attempted

to charge the defendant with the three hundred dollars per annum and nothing less. In support of this contention, it was competent for the plaintiff to show that if the defendant did not receive, he ought to have received, three hundred dollars per annum instead of one hundred and fifty dollars.

The petition was sufficient to notify the defendant that the plaintiff intended to charge him under the three-hundred-dollar provision of the lease, and not under the condition for a less rate of rent.

The judgment is reversed, and the case remanded with direction to grant to the plaintiff a new trial.