## DUBOIS v. ANDREWS.

No. 5405.    Opinion Filed October 5, 1915.

Rehearing Denied November 9, 1915.

Second Application for Rehearing Denied April 14, 1916.

(152 Pac. 440.)

**VENDOR AND PURCHASER—Contract to Convey Land—Mutual Covenants — Action for Price — Conditions Precedent.** Where a contract is made to convey land upon payment of the purchase money, the covenant to convey and the one to pay are mutual, dependent covenants, and after the entire purchase money is due an action to recover it cannot be maintained unless the plaintiff offers to convey or tenders a deed for the land upon full payment of the purchase price.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by Calvin D. Andrews against Fannie Dubois. Judgment for plaintiff, and defendant brings error. Reversed.

*Rollin E. Gish,* for plaintiff in error.

*Wilson & Tomerlin* and *S. A. Horton,* for defendant in error.

Opinion by GALBRAITH, C.    Calvin D. Andrews, as vendor, commenced this action in the trial court against Fannie Dubois, as purchaser, of certain real estate, for the balance of the purchase money thereof, evidenced by a series of promissory notes, all of which were past due, and a judgment for the amount of the notes, interest and attorney's fees, and to declare the same a vendor's lien upon the property, and to foreclose the same, and to direct the sale to satisfy such judgment, was prayed in the peti-

tion. The cause was tried to the court, and a judgment rendered in favor of the plaintiff for the amount of the notes, interest and attorney's fees, and declaring the same a vendor's lien against the real estate, and ordering the sale thereof to satisfy such judgment and costs.

The first assignment of error urged on behalf of the plaintiff in error is that the court erred in overruling a demurrer to the plaintiff's petition, on the ground that the same did not state facts sufficient to constitute a cause of action. Since the consideration of this assignment of error will dispose of the cause, it will not be necessary to consider other assignments of error set out in the petition in error.

It appears from the face of the pleadings that Andrews, the owner of a certain addition to Oklahoma City, through his agent, entered into a contract of sale with the plaintiff in error for certain lots described in the pleadings, for the consideration of $500. The contract of sale recited that $50 of the purchase price was paid in cash, and that $25 thereof should be paid in thirty days, and $25 for each succeeding thirty days thereafter until the entire purchase price had been paid. The balance of the purchase money was evidenced by promissory notes for $25 each, providing for interest and attorney's fees, if suit be brought on the same, making a series of eighteen notes. Seven of these notes were paid as they matured, and then default was made, and no further sum was paid on the purchase price. After the last of said notes had matured this action was commenced, seeking judgment for the eleven notes of the series that had not been paid, and to declare the same a vendor's lien on the property, and seeking its sale to satisfy such debt. The petition set out

the relation of the parties, and recited the sale to the purchaser and the written contract of sale, a copy of which was attached to the petition. The contract stipulated that, when the purchase price had been paid, Andrews would execute a deed for the lots to the purchaser. The petition did not allege that Andrews had executed a deed to the purchaser, or had tendered a deed, or had offered to deliver the same upon the payment of the balance of the purchase money. The demurrer challenged the sufficiency of the petition on account of the absence of such allegation. The demurrer was overruled, and exception saved. The same question was also raised by a demurrer to the plaintiff's evidence.

The law seems to be well settled that, where a note or a series of notes is given for the purchase price of land and the contract of sale stipulates that if the note or notes are paid at maturity the payee will convey the land to the maker, the payment of the balance of the purchase price and the execution of the conveyance are mutual and dependent covenants, and the execution of the conveyance or the offer to do so is essential before an action can be maintained upon such note or notes.

Chief Justice Horton, speaking for the Supreme Court of Kansas, in the case of *Iles v. Elledge,* 18 Kan. 296, at page 299, said:

"The defense made to the note was a good one, and when it was shown that no deed had been tendered, judgment should not have been rendered in favor of Elledge. The balance due on the note was the consideration of the land agreed to be conveyed by the defendant in error to Matthew and Wm. A. Iles. The note and bond are to be construed as dependent stipulations. All the parties to the papers must perform at the same time; neither being un-

der any obligation to trust the other. As it appears that Elledge has neither delivered nor tendered a deed, he cannot maintain an action for the purchase money embraced in the note sued on. *Winston v. Sherman,* 20 Iowa, 295; 2 Hilliard on Vendors, 71; *Huffman v. Ackley,* 34 Mo. 277; *Campbell v. Gittings,* 19 Ohio, 347; *Davis v. McVickers,* 11 Ill. 327; *Beecher v. Conradt,* 13 N. Y. 108, 64 Am. Dec. 535."

Again, Mr. Justice Brewer, speaking for the Supreme Court of Kansas, in the case of *Morrison et al. v. Terrell,* 27 Kan. 326, after quoting with approval from *Iles v. Elledge, supra,* said:

"The note and bond being dependent stipulations, neither party can put the other in default save by a performance or an offer to perform on his part. No action can be maintained on the note, not even to adjudge it a lien, until the plaintiff has offered to convey the premises."

The case of *Shelton v. Wallace,* 41 Okla. 325, 137 Pac. 694, is not in conflict with this view of the law, since in that case suit was brought upon one of the series of purchase-money notes after it was past due, but default had not been made on all of the series of notes. In that case, and at that time, the purchaser was not entitled under the contract to a conveyance, and for that reason no tender of a deed was made, and the court properly held that an action on that note could be maintained, while in this case the very condition, as stipulated in the contract of purchase, for the delivery of a conveyance had arisen; that is, all of the purchase money was due, and likewise a conveyance from the seller to the purchaser. Before an action for the recovery of the purchase money could be maintained it was necessary that the purchaser perform his part of the contract—the mutual, dependent covenant

to convey when the purchase price was paid—and tender a deed or offer to convey upon payment. The petition in the instant case did not plead a conveyance, or a tender of a deed, or an offer to convey, and, therefore, did not state facts sufficient to constitute a cause of action. The demurrer thereto was well taken, and should have been sustained.

On account of the error of the trial court in overruling the demurrer to the petition, we recommend that the judgment appealed from be reversed, and said cause remanded, with directions to the trial court to sustain the demurrer to the petition, and for such further proceedings as may be proper.

By the Court: It is so ordered.