### GRAVES et al. v. CHAMBERS.

No. 12663—Opinion Filed Nov. 25, 1924.

Rehearing Denied March 10, 1925.

1. **Vendor and Purchaser—Contract to Sell Land—Action for Price—Tender of Deed as Condition.**

Where a contract is made to convey certain real estate upon the payment of the purchase money, the covenant to convey and the one to pay are mutual and dependent covenants, and after the entire purchase money is due, an action to recover it cannot be maintained unless the plaintiff offers to convey or tenders a deed for the land upon full payment of the purchase price.

2. **Same—Failure to Tender—Deed—Judgment on Pleadings for Plaintiff Improper.**

The plaintiff alleged in his petition that the consideration for the note sued on was the purchase price of certain real estate. The defendant by way of answer set up the contract of sale and purchase whereby the plaintiff agreed to convey said real estate to the defendants upon the payment of said promissory note.

The plaintiff by way of reply admitted the execution of the contract set up in the defendant's answer.

No tender of the deed was alleged in the pleadings or offer to convey made. Held, that upon this state of the record the court erred in rendering judgment for the plaintiff upon the pleadings.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Thomas W. Champion, Judge.

Action brought by L. F. Chambers against Nell Nolan Graves and Laura Nolan. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Brown, Brown & Williams, for plaintiff in error.

Sigler & Jackson, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants as they were designated in the trial court.

On the 19th day of January, 1921, the plaintiff commenced this action against the defendants in the district court of Carter county, upon a promissory note for the principal sum of $5,200, interest, and attorney fees. It is alleged that the consideration for which said note was executed was a part of the purchase price of certain real estate in said Carter county, described in said petition by reason whereof the plaintiff claimed a vendor's lien thereon, and the plaintiff prayed judgment for $5,200, together with interest thereon at 8 per cent. and an attorneys' fee of $520 and that the plaintiff's vendors lien on said real estate be foreclosed.

The defendants answered admitting the execution of the note sued upon, but denied that said note was ever delivered to the plaintiff, and further alleged that the note executed in connection with a written contract between the plaintiff and defendants; whereby the plaintiff agreed to sell and convey to the defendants the real estate mentioned, in consideration of $6,000, $100 being paid at the time the contract was entered into May 20, 1920, and $100 to be paid on the first of each and every month thereafter up to and including the month of December, 1920 and the sum of $5,200 to be paid on January 1, 1921. The last payment being evidenced by the promissory note sued upon. The contract further provides, in substance, that upon full payment the plaintiff shall convey to the defendants by a good and sufficient warranty deed said real estate. This contract was attached to and made a part of the defendants' answer.

The plaintiff replied, admitting the exe-

cution of the contract set up in the defendants' answer, and denying generally all the other allegations therein contained. The plaintiff moved the court for judgment on the pleadings, and this motion was sustained, and judgment entered for the plaintiff and against the defendants for the amount sued for, and foreclosing the plaintiff's vendors lien on the real estate covered by said contract.

The defendants have appealed to this court and assign as error the ruling of the court in rendering judgment upon the pleadings. It appears from the pleadings that the note sued upon represents the final payment for said real estate. The plaintiff did not tender a deed in his petition or reply, although it is admitted by the reply that the plaintiff and defendants entered into said contract. The answer of the defendants alleged that the contract was an option and not a contract of sale and purchase.

The trial court decided that the defendant's construction of the contract was wrong, and that it was a contract of sale and purchase. Assuming, for the purpose of this case, that the construction placed upon the contract by the court was right, still, we think the court erred in rendering judgment upon the pleadings. Adopting the plaintiff's view, that the contract was one of sale and purchase, the plaintiff was not entitled to a judgment until he tendered a deed to the defendants.

"Where a contract is made to convey land upon payment of the purchase money, the covenant to convey and the one to pay are mutual, dependent covenants, and after the entire purchase money is due an action to recover it cannot be maintained unless the plaintiff offers to convey or tenders a deed for the land upon full payment of the purchase price." Dubois v. Andrews, 57 Okla. 227, 152 Pac. 440.

"When mutual covenants go to the whole consideration on both sides, they are dependent conditions, and performance must be averred, in an action by either party for a breach, or, instead, an offer of performance may be alleged, and at least a readiness to perform must be shown by the party seeking to enforce performance." 4 Ency. P. & P. 635.

"The defense made to the note was a good one, and when it was shown that no deed had been tendered, judgment should not have been rendered in favor of Elledge. The balance due on the note was the consideration of the land agreed to be conveyed by the defendant in error to Matthew and Wm. A. Iles. The note and bond are

to be construed as dependent stipulations. All the parties to the papers must perform at the same time; neither being under any obligation to trust the other. As it appears that Elledge has neither delivered nor tendered a deed, he cannot maintain an action for the purchase money embraced in the note sued on. Winton v. Sherman, 20 Iowa. 295; 2 Hilliard on Vendors, 71; Huffman v. Ackley, 34 Mo. 277; Campbell v. Gittings, 19 Ohio, 347; Davis v. McVickers, 11 Ill. 327; Beecher v. Conradt, 13 N. Y. 108, 64 Am. Dec. 535."

"The note and bond being dependent stipulations, neither party can put the other in default save by a performance or an offer to perform on his part. No action can be maintained on the note, not even to adjudge it a lien. until the plaintiff has offered to convey the premises." Morrison et al. v. Terrell, 27 Kan. 326.

In the last cited case the action was based upon a promissory note and a bond for a deed. The petition alleged a sale of the real estate; that the note was given for the purchase price, that a bond was given by the vendor to convey the real estate upon the payment of the note, both note and bond were copied in the petition, judgment was rendered in favor of the plaintiff for the amount of the note, and foreclosing the lien on the property. The trial court found specially that no tender had been made prior to the commencement of the action, and for that reason the case was reversed.

It clearly appears from the pleadings that the note sued on and the contract to convey were mutual and dependent covenants. and the plaintiff could not put the defendants in default save by an offer to perform himself.

The plaintiff contends, however, that. inasmuch as the defendants by their answer declared the contract set up to be an option and not a contract of sale and purchase, a tender of the deed was unnecessary, and in support of this contention cite Rupard et al. v. Rees, 94 Okla. 49, 220 Pac. 983, and other cases holding. in effect that where a tender is necessary in order to establish a right, it becomes unnecessary when it is reasonably certain that it would be refused, if made. The contract pleaded was a part of the answer, and was before the court, and had to be considered in determining the rights of the parties under the pleadings. Of course, the position, that the contract was an option on the one hand, and that it was one of sale and purchase on the other. was inconsistent, but inconsistent defenses are permissible under our

statute, unless prohibited. Metcalf v. Glaze, 70 Okla. 137, 173 Pac. 446; Covington v. Fisher, 22 Okla. 207, 97 Pac. 615.

The plaintiff further contends that under the allegation of the petition the defendants were in possession and therefore a tender was not necessary. A sufficient answer to this contention is that there is nothing in the pleadings to show that any part of the consideration of the note sued upon was for the possession of said real estate. The contract makes no provision with regard to possession of the premises and the right of possession remained with the legal title, and was therefore in the plaintiff, and as the note and contract were executed for the entire purchase money, without reference to the surrender of possession by the plaintiff, it is not for us to assume that any part of the consideration of the note sued on was for possession.

As the case now stands the plaintiff has a judgment against the defendants, for the entire purchase price, and also the legal title to said real estate as well as a judgment foreclosing a vendor's lien thereon.

Having reached the conclusion that the court erred in sustaining the plaintiff's motion for judgment on the pleadings, it is unnecessary to discuss the other questions raised in the brief. We therefore recommend that the case be reversed and remanded to the district court of Carter county, with directions to overrule the motion for judgment upon the pleadings, and to proceed further with the case in conformity with the views herein expressed.

By the Court: It is so ordered.