### LEEKLEY v. CURTIS.

No. 16462—Opinion Filed April 6, 1926.

Rehearing Denied Nov. 16, 1926.

**Contracts—Necessity for Acceptance of O_-fer—Assignment of Mere Offer to Execute Securities a Nullity.**

An acknowledgment of an existing indebtedness, coupled with an offer to give new notes and securities therefor, upon condition that the original evidence of indebtedness and securities be canceled, amounts to nothing more than an offer, and until accepted or the terms thereof complied with by the creditor, is unenforceable, and an assignment of such instrument is a mere nullity and confers no rights upon the assignee.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Kenneth Curtis against Harlow A. Leekley. Judgment in favor of plaintiff and defendant appeals. Reversed and remanded.

Leahy & Brewster, for plaintiff in error.

Hall, Baker & Hall and Gibson & Hull, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant, as they were designated in the trial court, inverse to the order in which they appear in this court.

On the 14'h day of April, 1914, A. D. Curtis, the father of the plaintiff, acting for and in behalf of his sister, Julia C. Morgan, loaned to the defendant the sum of $5,000, taking defendant's note for said amount, bearing interest at 8 per cent. per annum, and due and payable one year after date, secured by a mortgage on certain real estate in Muskogee county. On the 1st day of July, 1915, the said A. D. Curtis, upon his own account, loaned to the defendant the further sum of $5,000, said indebtedness being evidenced by a promissory note executed by the defendant on that date, and due and payable one year after date, and bearing interest at 7 per cent. per annum. Afterward and between the 18th day of June, 1918, and the 16th day of November of that year, the said A. D. Curtis advanced to the defendant the further sum of $5,000, and this indebtedness being evidenced by certain sight drafts drawn on said A. D. Curtis by the defendant through the Commercial National Bank of Muskogee. This indebtedness bore interest of 8 per cent. per annum.

On the 7th day of March, 1921, the defendant addressed a communication to said Julia C. Morgan and A. D. Curtis, in which he acknowledged said indebtedness, and offered to furnish security for the payment thereof as follows: That if A. D. Curtis and Julia C. Morgan would waive all claims against him, the said defendant would execute and deliver to Julia C. Morgan a promissory note for the sum of $5,000, plus interest at 8 per cent. per annum from April 15, 1914, and payable two years after date thereof, which was to be April 1, 1921; and to execute and deliver a mortgage to said Julia C. Morgan on certain real estate in Muskogee county, securing the payment of said promissory note; and to execute and deliver to the said A. D. Curtis a promissory note in the sum of $10,000, and the accrued interest on said sum of $10,000 from the dates the same was received by the defendant up to the 1st day of April, 1921, said note to be dated April 1, 1921, and to be due and payable three years after date, and to draw interest at seven per cent. per annum, and to execute and deliver to the said A. D. Curtis a mortgage on certain real estate to secure said promissory note. This writing was signed by Harlow A. Leekley and delivered to the said A. D. Curtis. The said Julia C. Morgan retained the $5,000 note and mortgage securing the same. The said A. D. Curtis retained the promissory note for $5,000 and the interest bearing sight drafts, as evidence of the other $5,000 advanced to the defendant.

There was no agreement upon the part of said A. D. Curtis or Julia C. Morgan to accept the proposition contained in the defendant's written proposal of March 7, 1921, and no steps were taken to carry out said offer by any of the parties. On the 12th day of December, 1922, the said Julia C. Morgan executed the following assignment to the said A. D. Curtis:

"State of California, County of Los Angeles, City of Los Angeles, ss.

"I hereby acknowledge receipt of $5,000 to me in hand paid by Augustus D. Curtis of Chicago, Ill., which said sum represents pay-

ment made to me by said Augustus D. Curtis who had hereto.ore acted for me as my trustee in placing the said sum of $5,000 with one Harlow A. Leekley of Muskogee, Okla., for investment. In consideration of said $5,000, I hereby assign, transfer, and set over to the said Augustus D. Curtis of Chicago, Ill., all of my right, interest, and title in said matter. (Signed) Julia C. Morgan."

On the 3rd day of January, 1923, the said Augustus D. Curtis, executed the following assignment to the plaintiff:

"State of Illinois, County of Cook, City of Chicago, ss.

"I, Augustus D. Curtis, trustee, Cook county, state of Illinois, do this 3rd day of January, 1923, hereby assign all my right, interest, and title arising out of and from one certain acknowledgment of indebtedness acknowledged by Harlow A. Leekley on March 7, 1921 in the city of Chicago, Ill., to Kenneth Curtis in consideration of $10 to me in hand paid. A. D. Curtis."

On the 12th day of January, 1923, the said Julia C. Morgan, by an assignment in terms identical with that of A. D. Curtis, conveyed her interest in said "acknowledgment of indebtedness" to the plaintiff On the 30th day of January, 1923. the plaintiff commenced this action, alleging in his petition that he was the owner of said "acknowledgment of indebtedness," by reason of said assignments. There was no allegation that the offer of March 7, 1921, was ever accepted by either A. D. Curtis or Julia C. Morgan, and no allegation that the conditions of said offer had been complied with, and no tender of such is made in the petition.

By his answer the defendant admitted that he signed the letter or offer of March 7, 1921, and that he owed the said A. D. Curtis and Julia C. Morgan the sums of money mentioned in the plaintiff's petition, but alleged, in effect, that said A. D. Curtis and Julia C. Morgan, the plaintiff's assignors, held the defendant's note of April 15, 1914, for $5,000 secured by a mortgage on certain real estate in Muskogee county; that they held his note of July 1, 1915, for the sum of $5,000 and that they held sight drafts for the amount of $5,000, as evidence of said indebtedness; that the communication of March 7, 1921, was an offer on the part of the defendant to take up said indebtedness and give new notes and security therefor, upon the conditions mentioned in said communication; that said offer was never accepted by the said A. D. Curtis and Julia C. Morgan, and that none of the terms or conditions thereof were ever complied

with. Other defenses were pleaded in the answer, but from the conclusion we have reached it will not be necessary to set them out here.

On the trial the essential facts were undisputed. The plaintiff offered in evidence the communication of March 7, 1921, and the assignment thereo., and admitted that none of the original evidence of indebtedness or security referred to had been released or canceled; that the original notes, interest-bearing sight drafts, and mortgage, were never assigned to the plaintiff, but on the contrary it did appear that Julia C. Morgan, on the 12th day of December, 1922, assigned to said A. D. Curtis her interest in said original indebtedness, and that said A. D. Curtis was the owner and holder thereof at the time this suit was filed and at the time of the trial. At the close of the case the defendant moved for an instructed verdict, which was overruled and an exception reserved. The jury returned a verdict in favor of the plaintiff for $26,666.65, and judgment was entered accordingly. The defendant has duly appealed to this court, and among the errors assigned are: (1) That the court erred in overruling his motion for an instructed verdict. (2) That the judgment is contrary to law. (3) That the judgment is contrary to the evidence. All of these assignments must be sustained. The communication of March 7, 1921, when read in the light of the uncontroverted evidence, is nothing more nor less than an offer, upon the conditions therein named, to take up the old indebtedness and execute new notes therefor, and to give security for the payment thereof. The conditions were that the original evidence of indebtedness and security should be surrendered and canceled. The offer was not accepted, neither were the conditions performed. C. O. S. 1921, sec. 5008. The assignors could not have recovered upon the writing without pleading and proving an acceptance thereof and a compliance with its terms, or at least tendered compliance in the petition. Dubois v. Andrews, 57 Okla. 227, 152 Pac. 440; 4 Ency Pl. & Pr. 635; Graves et al. v. Chambers, 110 Okla. 1, 236 Pac. 25. The offer of March 7, 1921, never having become a binding contract between A. D. Curtis, Julia C. Morgan, and the defendant, the plaintiff took nothing by the assignment thereof. St. Louis Smelting & Refining Co. v. Nix, 101 Okla. 197, 224 Pac. 982.

The judgment of the district court of Muskogee county is therefore reversed, and the cause remanded, with directions to further

proceed in the case in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 5 C. J. p. 946 §119; 13 C. J. p. 272 §68; 6 R. C. L. p. 605; 2 R. C. L. Supp. p. 162; 4 R C. L. Supp. p. 428; 5 R. C. L. Supp. p. 357.