CANFIELD et al. v. HELMERICH & PAYNE, Inc.

No. 29218. Sept. 10, 1940.

*105 P. 2d 425.*

Bruno Miller, of Oklahoma City, for plaintiffs in error.

Gibson & Savage and Sam Glassman, both of Oklahoma City, for defendant in error.

GIBSON, J. This is an action to recover money allegedly due under a written contract. Trial was to the court without a jury and resulted in judgment for plaintiff. The defendants appeal.

The plaintiff corporation was the owner of a block of oil and gas leases in Brooks county, Tex. The parties entered into the aforesaid contract for the purpose of financing and drilling a well on said premises. By the terms thereof the plaintiff agreed to and did sell and assign to defendants an undivided one-fourth interest in the leases and well in consideration of a certain sum to be paid in specified installments. By the terms

of the contract plaintiff retained power to sell any of the leases in said block or to exchange same for leases located elsewhere, and defendants were to receive credit for their portion of the consideration recovered, either in money or exchanged leases, as the case may be. A number of leases were sold or exchanged and credit duly given defendants upon the books of the plaintiff.

The well was completed according to contract, but failed to produce oil or gas, and plaintiff now seeks to recover from defendants certain of the aforesaid installments remaining unpaid.

By answer and cross-petition defendants alleged that plaintiff failed to carry out its portion of the agreement in that no valid assignment of their interest in the leases was ever executed by plaintiff and delivered to defendants as contemplated by the written agreement. They assert that the written contract aforesaid was not sufficient as an assignment, and their theory as presented here is that the plaintiff was obligated to make tender of a legal assignment before suit could be maintained. Graves v. Chambers, 110 Okla. 1, 236 P. 25.

As we view the written agreement, it was apparently not intended by the parties to serve as a conveyance to defendants of a legal or merchantable title to an interest in the leases. It served to create in them an equitable interest only to the extent therein named, leaving to plaintiff the full right to dispose of the leases by sale or exchange and to credit defendants with their portion of the proceeds in cash or leases, as the case may be; and it appears from the evidence that the parties so intended.

It is not seriously contended that the contract to the extent aforesaid was invalid and unenforceable. Defendants simply say that it failed to convey to them the legal title to their interest in the leases, and that they were entitled to such tender before plaintiff could maintain the action for the alleged purchase price of the leases. But, assuming that defendants were entitled to such tender, the evidence shows that plaintiff fulfilled this obligation by offering to execute formal assignments prior to the completion of the well aforesaid, and in response to that offer the defendants suggested that the matter be postponed until the drilling venture was completed.

The evidence further shows that subsequent to completion of the well all remaining leases were released and canceled by plaintiff and with defendants' consent.

Under the circumstances above set forth, the defendants were in no position to demand tender of assignments before payment of the balance due under the contract. The evidence fully supports the judgment of the trial court.

There is the further question which concerns the court's action in sustaining plaintiff's motion to dismiss without prejudice the first action brought on the contract. That case was consolidated with a second action on the contract and tried to the court, resulting in the judgment appealed from.

In connection with the foregoing question of dismissal, the defendants say their answer and cross-petition seeking affirmative relief had been duly filed in the cause, and that their demurrer to plaintiff's evidence was before the court at the time plaintiff's motion to dismiss was sustained. But the record fails to disclose the answer or demurrer. So far as we know, the plaintiff was entitled to dismissal as a matter of right. Sections 418, 422, O. S. 1931, 12 Okla. Stat. Ann. §§ 683, 684.

However, plaintiff admits that an answer and cross-petition was filed and remained undisposed of in the original action. But this could not affect the plaintiff's right to dismiss its action. Defendants were authorized to proceed to trial on their cross-petition notwithstanding the dismissal (section 422, supra), but they raise no question here concerning any alleged denial of that right.

The judgment is affirmed.

BAYLESS, C. J., and CORN, DAVISON, and DANNER, JJ., concur.