ELIZABETH CLOSE v. T. H. DUNN, et al.

ACTION brought in the district court of Brown county, by *Dunn* against *Close*, to recover upon certain promissory notes, and to obtain an order for the sale of certain premises attached in the action, and for an application of the proceeds of the sale thereof to the payment of the judgment to be rendered on the notes, and also to bar the defendant from setting up any claim to or interest in the said premises. Jas. N. Mills and David Blennis were, on their own motion, afterward made parties defendant. Trial by the court at the May Term, 1878, when the court made findings of fact as follows:

"That the defendant, Elizabeth Close, executed to the plaintiff, T. H. Dunn, the note marked 'Exhibit One,' and attached to plaintiff's petition; and to the plaintiff, the note marked 'B'; and to the defendant, J. N. Mills, the note marked 'C'; and to the defendant, David Blennis, the note included in his answer; and that said notes were all given for the purchase-money of the premises mentioned in the plaintiff's petition; and that the notes specified in plaintiff's petition, other than the notes executed to plaintiff, were duly assigned to plaintiff for value before suit brought; and that all of said notes, including the Blennis note, were for the purchase-money of the premises described in said bond attached to plaintiff's petition herein, and that said bond was executed to the defendant, Elizabeth Close, for the conveyance of said premises to her; that there was no such verbal contract made as is set up in the answer of the defendant, Elizabeth Close; that the whole contract was and is included in the said bond and the said notes; that no tender of a deed to said premises was made, nor was any offer to convey the same made to the defendant Close by the defendant Mills, or any of the other defendants, before or at the time this suit was brought; that T. Hamer Dunn, the plaintiff, has never offered to convey the premises to her, nor to execute any quitclaim deed to her of the same, or any other paper or transfer thereof. The court finds, that no tender of any deed to the defendant Close of the premises described in said bond, and for which the said bonds [notes] were given, was ever made, except that

on the 20th day of May, 1878, when the deed attached to the answer of the defendant Mills was brought into court and filed and tendered in said answer; that the said described premises had thereon a cheese factory, which said factory was owned by the defendant Mills and Blennis and one Thomas A. Dunn, and the plaintiff. There was no evidence offered of any fraudulent removal, or sale, or transfer of any of the property of defendant Close.

The court found as conclusions of law, in substance, that the plaintiff can sustain this action without making a tender of a deed of said premises, except as above stated; that there is due plaintiff from defendant Close, on the first note attached to the petition, $125.37 as principal, and $20.71 as interest, and that he is entitled to judgment therefor; that there is due plaintiff from defendant on the second note described, $100.76 as principal, and $16.64 as interest, and that he is entitled to judgment therefor; there is due plaintiff from defendant on the third note described, $1,006 as principal, and $166.30 as interest, for which he is entitled to judgment; that there is due the defendant Blennis from the defendant Close on the note set up in his answer, the sum of $235.70, for which he is entitled to judgment against the defendant Close, who excepted to each and all the foregoing findings and conclusions. Judgment was accordingly rendered for plaintiff and for defendant Blennis against *Close*, who brings the case here for review.

*W. D. Webb*, for plaintiff in error.

*C. W. Johnson, Jas. Falloon*, and *Killey & May*, for defendants in error.

*Per Curiam:* This case is reversed, and remanded for a new trial, upon the authority of *Iles v. Elledge*, 18 Kas. 296.