PHILLIP JUNG v. THERESA LIEBERT.

PLEADING AND PROOF—*Variance*—*Bill of Particulars*—*Amendment.*
Where there is a variance between the allegations of a bill of partic-
ulars and the facts proved and specially found by the jury on the
trial, yet, if it be a case where an amendment to a bill of particulars
ought to be allowed to conform it to the facts proved and found, the
judgment in favor of the plaintiff will not be reversed on account of
the variance, if no substantial rights of the defendant have been prej-
udiced.

*Error from Ellsworth District Court.*

ACTION to recover wages. Judgment for plaintiff *Liebert*,
at the May term, 1888. The defendant *Jung* brings the case
to this court. The material facts appear in the opinion.

*Ira E. Lloyd*, for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: Mrs. Theresa Liebert brought her action
against Phillip Jung, before a justice of the peace of Ells-
worth county, to recover $72, for twenty-four weeks of work
as a housekeeper, at $3 per week, and for $25 for money paid
out by her for the defendant. After a trial before the justice
of the peace, the case was taken by appeal to the district court
of Ellsworth county. Judgment was rendered in that court
in favor of the plaintiff for $60.30. The defendant brings
the case here. He complains that the evidence does not show
that Mrs. Liebert paid out $25, or any other sum, for him.
He further complains that he is not liable for any railroad
fare or expenses paid or incurred by Mrs. Liebert in coming
to Kansas.

It appears from the evidence that in March, 1886, Phillip
Jung, who was sixty-five years of age and a widower, lived
at Blackwolf, in this state, and by correspondence with Mrs.
Liebert, he induced her to come to Kansas and keep house
for him and his son, who was then twenty years of age. Mrs.
Liebert worked for the defendant twenty-four weeks. About

a week after she came to Blackwolf, the defendant asked her what her expenses were in coming to his house. She told him. He answered "that the amount was pretty high, but he would have to pay it." While Mrs. Liebert was serving as housekeeper, her daughter married Arthur Jung, the son of the defendant. Soon after this marriage, Mr. Jung, the defendant, carried Mrs. Liebert to the railroad station at Ellsworth, where she took the train for Milwaukee. He gave her $25, and said to her that was in full of her services. Before that time he had paid to her $3 upon her wages. The jury, in addition to their general verdict, made special findings of fact. The following findings are not supported by any evidence:

"Q. Before the plaintiff came to Ellsworth county, Kansas, did defendant promise to pay the plaintiff her railroad fare and expenses to Blackwolf, Kansas, or to any part in Ellsworth county, Kansas? A. Yes.

"Q. Was there anything said or written to plaintiff about railroad fare, or paying expenses, until after the arrival of plaintiff at the residence of defendant at Blackwolf? A. Yes."

If it were not for other findings, these would reverse the judgment, but in view of the facts developed upon the trial and the following special findings of fact, we think the special findings above quoted are immaterial. The special findings which show the liability of the defendant for railroad fare, are as follows:

"Q. After the plaintiff arrived, did defendant promise to pay her railroad fare or expenses? A. Yes.

"Q. What were the services of plaintiff worth per week while she was working for defendant? A. $2.50, and board and fare to Kansas.

"Q. How many weeks in all did she work for defendant? A. Twenty-four."

These findings are supported by the evidence. It is further contended that Mrs. Liebert is not entitled to recover her railroad fare, or expenses, under the special findings of the jury, because she only charged in her bill of particulars for her work

20—44 KAS.

as housekeeper, $3 per week. It was decided in *Railroad Co. v. Caldwell*, 8 Kas. 244, that—

"Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed, to conform it to the facts proved, the judgment will not be reversed on account of such variance." (See also *K. P. Rly. Co. v. Montelle*, 10 Kas. 127; *Baird v. Truitt*, 18 id. 124; *Pape v. Capitol Bank*, 20 id. 446; *Mitchell v. Milhoan*, 11 id. 626; *Gas Co. v. Schliefer*, 22 id. 470; *Grandstaff v. Brown*, 23 id. 178.)

Though no formal amendment was made or requested in the trial court, we think as Mrs. Liebert was clearly entitled to her railroad fare, or expenses, and as the defendant was notified upon the trial of her intention to claim the same, we may properly treat the case as if an amendment to the bill of particulars, to accord with the special findings of the jury, was in fact made. Therefore, we hold that no substantial rights of the defendant have been prejudiced. An account or bill of particulars filed with a justice of the peace is not usually framed with much care or nicety, and the strict rules applicable to the construction of pleadings are not to control such accounts or claims. Morally and legally, the plaintiff below is entitled to the amount she has recovered, and this court ought not, on account of a mere technicality, which does not affect the substantial rights of the parties, set the judgment aside. The judgment of the district court will be affirmed.

All the Justices concurring.