.A. S. Johnson and John E. Frost v. The Bur-
dett Town Company. .

**No. 350.**

1. New Trial—*Order Granting, Reversed When.* An order of
the district court setting aside the verdict and special findings of
a jury and granting to the plaintiff a new trial will be reversed
where the record discloses no ground to sustain the same, and
especially so where the petition does not state a cause of action.

2. Specific Performance—*Laches of Vendor—Time, Essence
of Contract.* Specific performance of a contract for the purchase
and sale of real property, wherein time is expressly made of the
essence thereof, will not .be adjudged to the vendor where he has
wholly failed to perform or tender performance upon his part, for
a period of more than five years after the time fixed therefor by
the contract, and especially so where there has been, in the mean-
time, a great change in the condition and market value of the
property.

Error from Shawnee circuit court; J. B. Johnson,
judge. Opinion filed May 4, 1898. Reversed.

The Burdett Town Company sued Johnson and
Frost for the specific performance of a contract for the
purchase of town lots. This contract was made on
May 30, 1886. A small payment was made down on
the lots, the contract providing for two other pay-
ments, the last to become due May 30, 1887. The
contract provided that upon making this final pay-
ment the company should deed the lots to the vendees.
By express provision, time was made of the essence of
the contract. It was further stipulated that, upon a
failure to perform, the vendees should forfeit all right
in the premises and the contract should at once be-
come null and void, without entry or other act of the
vendor. Defendants below answered, admitting the
execution of the contract and their failure to pay, and
alleging that, upon such failure, in May, 1887, the

company elected to take advantage of this stipulation of forfeiture and annul the contract. The answer further alleged that the company was guilty of laches sufficient to deprive it of the right to specific performance.

There was a trial to a jury. The defendants were held to have the burden of proof. They testified in their own behalf, and called one witness, the manager of the plaintiff company. There was no contention that the delay in asserting the right to specific performance was on account of any suggestion of the defendants. This action was begun on May 22, 1893, nearly six years after the cause of action of the defendant in error had accrued, *i. e.*, the time fixed for performance of the contract.

The answer further alleged, that during the delay of the defendant in error the property had so decreased in value as to be practically worthless, and this contention was supported by the evidence. No tender of performance on the part of the vendor, either at the time designated therefor or afterward, was plead or proven, so that under the current weight of authority the vendees were never put in default. There was some conflict between the evidence of the defendants below and the witness Coats as to whether the company had in fact elected to treat the contract as forfeited, by so noting the same on its records. The vendees were never in possession of the property.

The entire case was submitted to a jury for a general verdict, and also upon special questions of fact. On April 24, 1894, the jury returned a verdict for the defendants, with special findings supporting their verdict. The plaintiff moved to set aside the verdict and special findings, which was denied by the court. On motion of the defendants, judgment was entered

for them on the verdict and special findings. In due time the plaintiff filed a motion for a new trial. On February 11, 1895, about ten months after the judgment was entered, the circuit court sustained the motion for a new trial. The defendants excepted, and the question now before this court is, whether the court abused its discretion and committed material error in sustaining the plaintiff's motion for a new trial.

*A. Bergen*, for plaintiffs in error.

*A. A. Hurd, O. J. Wood*, and *W. Littlefield*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The petition did not state facts sufficient to constitute a cause of action. On the issues as they were joined, as appears by the record of the case, the court could not render judgment for the plaintiff for two reasons : (1) The petition, as heretofore stated, did not contain facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, for the reason that it did not allege a performance upon the part of the plaintiff or a tender of performance, which the plaintiff was bound to do before it could demand payment of the money due to it from the defendants; and, (2) the court could not, as a matter of law, grant to the plaintiff specific performance of this contract, on account of the laches of the plaintiff in lying by for a term of over five years after default before bringing an action therefor. The action was barred by the statute of limitations, as contended for by the plaintiffs in error.

Further, we have examined the record with care

and we do not find any error or ground for a new trial on which the court could rightfully sustain a motion for the same. It was alleged by counsel for the company, upon the argument, that there was a conflict of evidence upon which the court might have based a conclusion that the verdict and findings of the jury were not supported by sufficient evidence. But there is no such conflict in the record upon the material questions in the case.

Upon the first proposition, that the petition did not state facts sufficient to constitute a cause of action, in that it did not allege a tender of performance, we need only cite *Soper v. Gabe*, 55 Kan. 646 (41 Pac. Rep. 969), and the prior cases decided by the supreme court and therein referred to. The supreme court, in that case, says:

" Where, by the terms of a contract for the sale and conveyance of land, the purchase price is made payable in instalments, and the conveyance is to be made upon the payment of the last instalment, and where default is made by the purchasers in the payments, and no action is brought by the vendors to enforce the contract until after the maturity of the last instalment, the obligations of the parties to the contract are mutual and dependent, and the vendors cannot maintain an action to enforce the contract specifically, or to recover any part of the purchase-money until they make or tender a conveyance of the land."

As heretofore stated, there was no allegation that the plaintiff made or tendered a deed, nor were there any allegations in the petition which disclosed that the defendants waived such performance. There is nothing in the answer which can be held to constitute a waiver of this essential averment and proof of a tender of conveyance.

Upon the second proposition, that the plaintiff com-

pany had by its own laches deprived itself of any right to specific performance, we refer to Fry on Specific Performance (2d Am. ed.), §§ 708, 720, 721, 732, 734. In our practice, where the code makes specific provision as to the time in which actions shall be brought, in determining what laches will debar a party from this relief, the statute of limitations should at least have a controlling influence, if it does not conclusively determine the time in which an action shall be brought. This rule seems to be supported by the supreme court of Ohio in *Fahs v. Taylor*, 10 Ohio, 104. In *Brashier v. Gratz*, 6 Wheat. 528, the supreme court of the United States holds that a demand for specific performance, after a considerable lapse of time, by one who has totally failed to perform, after a great change in the title and value of the land, and when the complainant could not have been compelled to perform, is not sustainable. See also *Kirby v. Harrison et al.*, 2 Ohio St. 326.

In *Nickerson v. Nickerson*, 127 U. S. 675, Harlan, J., says :

"Whether specific performance shall be decreed in any case depends upon the circumstances of that case, and rests in the discretion of the court. 'Not, indeed,' Mr. Justice Story says, 'in arbitrary or capricious discretion, dependent upon the mere pleasure of the judge, but in that sound and reasonable discretion which governs itself as far as it may by general rules and principles ; but at the same time which withholds or grants relief according to the circumstances of each particular case, when these rules and principles will not furnish any exact measure of justice between the parties.' One of these rules is, that in cases of this character relief should not be granted after an unreasonable delay, or unless the proof is clear and satisfactory, both as to the existence of the agreement and as to its terms."

Again, the same learned judge, in *Hennessey v. Woolworth*, 128 U. S. 438, says:

"Specific performance is not of absolute right, but rests entirely in judicial discretion, to be exercised according to settled principles of equity, but always with reference to the facts of the particular case."

And the same court, speaking by Strong, J., in *Marble Co. v. Ripley*, 10 Wall. 340, again says:

"Specific performance will not be decreed against one party in favor of another who has disregarded his own reciprocal obligations in the matter. . . . Nor where there is a want of mutuality in the contract; as where it is stipulated that one of the parties may abandon the contract at any time on giving a year's notice. Nor where the party (a grantor) has a complete remedy at law."

The supreme court of Iowa, speaking by Wright, C. J., in the case of *Young v. Daniels*, 2 Iowa, 126, says:

"An application to enforce specific performance of a contract is always addressed to the sound discretion of the chancellor, guided and governed by the general rules and principles of equity jurisprudence. In such cases relief is not a matter of right in either party, but it is granted or withheld according to the circumstances of each case. . . . Time may be made of the essence of the contract by the express stipulation of the parties, or it may arise by implication from the very nature of the property or the avowed objects of the seller or purchaser. And even when time is not thus expressly or impliedly of the essence of the contract, if the party seeking specific performance has been guilty of gross laches, or has been inexcusably negligent in performing the contract on his part; or if there has . . . been a material change of circumstances affecting the rights . . . of the parties, . . . courts of equity will refuse to decree any specific performance."

With regard to the statute of limitations, this is a

case in which equity follows the law, even if we should say that the statute did not strictly apply. The case of *Johnson v. Hopkins et al.*, 19 Iowa, 49, is one in which the facts are very similar to the one under consideration, save that the vendee sought specific performance, which was decreed to him by the court below. Upon the question of the bar of the statute, the court reversed the decree of the trial court granting the prayer of the petition, and directed that the petition be dismissed. The opinion of the court was delivered by Dillon, J.

Specific performance will not be decreed unless strictly equitable. ''The decree must be equitable to all parties.'' (22 Am. & Eng. Encyc. of Law, 931; *Fowler v. Marshall*, 29 Kan. 665.) In this latter case, our own supreme court says:

''Upon breach of a contract for the sale of real estate, it is not a matter of course for the court to enter a decree of specific performance. That will be done only when upon all the facts it is equitable it should be done.

''He who asks specific performance should show the facts which make such a decree equitable; and a failure to do this justifies a refusal of the decree.

''Lapse of time, in which a party fails to perform his part of the contract or to insist upon his rights, will sometimes prove fatal; and especially after a claim of forfeiture by the adverse party, acquiescence in the claim for even a comparatively short period will often be taken as a consent to the forfeiture and a bar to any decree.''

Upon the undisputed facts, the vendor was not entitled to a decree. The court abused its discretion in sustaining the motion for a new trial, and its judgment must be reversed, and the case remanded with direction to overrule the same.

McELROY, J., concurring.

WELLS, J., dissenting.