(December 23, 1914.)

MARIE D. RISCHAR, Respondent, v. W. W. SHIELDS et ux., Appellants.

[145 Pac. 294.]

ACTION TO QUIET TITLE TO REAL ESTATE—CONTRACT OF PURCHASE—
PAYMENT IN INSTALMENTS—TIME OF THE ESSENCE OF THE CON-
TRACT—FORFEITURE OF CONTRACT—DEMURRER TO COMPLAINT—AN-
SWER AND CROSS-COMPLAINT—MOTION TO STRIKE—JUDGMENT ON
PLEADINGS.

1. *Held,* that the complaint states a cause of action, and that the allegations and denials contained in the amended answer and cross-complaint contain no defense to the action.

2. Where S. and wife contract to purchase certain land from R. and to pay the purchase price in instalments at certain dates, and also agree to pay the taxes and assessments levied against said land and time is expressly made of the essence of the contract, and S. and wife fail to make the payments as provided by the contract, and R. serves notice of forfeiture after a default in the payments, it is no defense to an action to quiet title and to recover possession of the premises for the defendants to allege a defect in title and ask to have the money paid returned to them; and the vendor may rescind the contract for the failure to pay any of the instalments preceding the last without tender of the deed, since the payment of the last instalment and the delivery of the deed are mutual, concurrent and dependent obligations.

3. *Held*, that the court did not err in entering judgment on the pleadings.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

Action to quiet title and regain possession of certain real estate. Judgment for the plaintiff. *Affirmed.*

James H. Frazier, for Appellants.

"When the vendor insists that the vendee is in default to such an extent as to entitle him to have the contract rescinded, he must allege and prove that he had tendered to the vendee a deed conveying to him all the land according to the terms of the agreement on the part of the vendee, and must have notified him that the contract would be rescinded unless purchase money was paid within a reasonable length of time." (*Frink v. Thomas,* 20 Or. 265, 25 Pac. 717, 12 L. R. A. 239; *Kessler v. Pruitt,* 14 Ida. 175, 93 Pac. 965; 39 Cyc. 1375, d, (2).)

A party who is unable to show good title cannot insist upon a forfeiture. (*Tharp v. Lee,* 25 Tex. Civ. App. 439, 62 S. W. 93; *King v. Seebeck,* 20 Ida. 224, 118 Pac. 292.)

"A forfeiture is a harsh remedy and will not be allowed except upon clear proof of a breach of the terms of the contract upon which such forfeiture was to be declared." (*Harris v. Reed,* 21 Ida. 364, 121 Pac. 780; *Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339; *Lytle v. Scottish-American Mortgage Co.,* 122 Ga. 458, 50 S. E. 402.)

"In order to recover possession of the premises on the ground of rescission of contract the plaintiff must allege a repayment or a tender of the amount paid by the defendant at the execution of the contract." (*Morrison v. Lods,* 39 Cal. 381; *Bohall v. Diller,* 41 Cal. 532; *Heilig v. Parlin,* 134 Cal. 99, 66 Pac. 186; *Wilson v. Sturgis* (Cal.), 16 Pac. 772; *Minah Consol. Mining Co. v. Briscoe,* 47 Fed. 276; *Gay v. Alter,* 102 U. S. 79, 26 L. ed. 48.)

When a party in whose favor a contract runs is guilty of laches, or acquiesces in the waiver of the conditions of a contract, he is estopped from later claiming the benefit of the conditions relating to time. (*Hogan v. Kyle,* 7 Wash. 595, 38 Am. St. 910, 35 Pac. 399; *Scheftel v. Hays,* 58 Fed. 457, 7 C. C. A. 308; *Rugan v. Sabin,* 53 Fed. 415, 3. C. C. A. 578; *McLean v. Clapp,* 141 U. S. 429, 12 Sup. Ct. 29, 35 L. ed. 804; *Grymes v. Sanders,* 93 U. S. 55, 23 L. ed. 798.)

C. H. Potts, for Respondent.

The defendants could not remain in possession of these lands under a contract and at the same time refuse to pay the purchase price. They could not be allowed to use and enjoy what they had agreed to buy and also retain in their hands the price they had agreed to pay. (*Rhorer v. Bila,* 83 Cal. 51, 23 Pac. 274; *Worley v. Nethercott,* 91 Cal. 512, 25 Am. St. 209, 27 Pac. 767; *Gates v. McLean,* 70 Cal. 42, 11 Pac. 489; *Gervaise v. Brookins,* 156 Cal. 103, 103 Pac. 329; *Harvey v. Morris,* 63 Mo. 475, 477; *McIndoe v. Morman,* 26 Wis. 588, 7 Am. Rep. 96; *Taft v. Kessed,* 16 Wis. 273; *Brock v. Hidy,* 13 Ohio St. 306; *Dunn v. Mills,* 70 Kan. 656, 79 Pac. 146, 502, 3 Ann. Cas. 363.)

"The law will not allow a vendee to obtain possession of property under a contract of sale, and while in possession, to defend an action for the purchase money upon the ground of the title being defective." (*McLeod v. Barnum,* 131 Cal. 605, 63 Pac. 924; *Peabody v. Phelps,* 9 Cal. 213; *Gross v. Kierski,* 41 Cal. 111; *Hicks v. Lovell,* 64 Cal. 14, 49 Am. Rep. 679, 27 Pac. 942; *Wyatt v. Garlington,* 56 Ala. 576; *Lane v.*

*George,* 84 Kan. 823, 115 Pac. 589; *Newmyer v. Roush,* 21 Ida. 106, Ann. Cas. 1913D, 433, 120 Pac. 464.)

It is only where the giving of the deed and the payment of the purchase money are mutual, concurrent and dependent covenants that the tender of the deed is a condition precedent to the right of the vendor to declare a forfeiture. (39 Cyc. 1376; *Bryson v. Crawford,* 68 Ill. 362; *Kiefer v. Carter Contracting etc. Co.,* 59 Wash. 108, 109 Pac. 332; *Reddish v. Smith,* 10 Wash. 178, 45 Am. St. 781, 38 Pac. 1003; *Brentnall v. Marshall,* 10 Kan. App. 488, 63 Pac. 93; *Voight v. Fidelity Investment Co.,* 49 Wash. 612, 96 Pac. 162.)

It is only the payment of the last instalment and the delivery of the deed that are mutual, concurrent and dependent obligations. (*Lewis v. Wellard,* 62 Wash. 590, 114 Pac. 455; *Reese v. Westfield,* 56 Wash. 415, 105 Pac. 837, 28 L. R. A., N. S., 956.)

SULLIVAN, C. J.—This action was brought by the respondent to quiet her title to a certain lot situated in or near Coeur d'Alene City, and to recover possession thereof. A demurrer to the complaint was filed and overruled by the court. Thereafter an answer, an amended answer and a cross-complaint were filed and a motion to strike the amended answer and counterclaim and for judgment on the pleadings was made by the respondent, which was granted by the court. A motion was also made to amend the answer, which was denied by the court, and judgment was entered in favor of the plaintiff for the possession of said lot and quieting her title thereto. The appeal is from the judgment and from the order denying the defendant's motion to amend the answer.

The following facts appear from the record:

On April 28, 1911, the plaintiff and defendants entered into a contract whereby the plaintiff agreed to sell, and the defendants agreed to purchase, the tract of land in controversy. The defendants agreed to pay to the plaintiff $4,000 for said land as follows: $500 on the execution of the contract (which was paid); $1,500 on the 1st of May, 1911, and $2,000 on the 1st of May, 1914, with interest at the rate of 7% per annum,

payable semi-annually; and to pay all taxes and assessments that might be legally levied against said land, and in case of failure by the defendants to make either payment, or any part thereof, or to perform any of the covenants by them to be performed, the contract, at the option of the plaintiff, might be forfeited and the defendants should forfeit all payments made on the contract, and such payments might be retained by the plaintiff in full satisfaction and liquidation of the damages sustained by her, and she should have a right to enter into the possession of the premises in case of the default in making such payments. The plaintiff agreed to furnish a complete abstract of title to the defendant and convey said lot clear of all encumbrances by good and sufficient warranty deed upon the completion of said contract. It was mutually agreed that the time of making the payments was of the essence of the contract.

The defendants did not make the $1,500 payment agreed to be made on the 1st of May, 1911, but thereafter paid $1,000 on said payment, and the defendants failed to pay the taxes legally levied on said premises for the years 1911, 1912 and 1913, and failed and refused to make any other payments on the purchase price of said land.

On December 13, 1913, the plaintiff notified the defendants in writing that she intended to declare said agreement and contract forfeited and ended, on January 1, 1914, unless they should comply with the terms of said contract and make the payments due for said land on or before January 1, 1914. Defendants neglected and refused to make such payments and thereafter in March, 1914, this action was brought.

The assignments of error are to the effect that the court erred in overruling the demurrer to the complaint and in sustaining the plaintiff's motion to strike the answer and affirmative defense, and denying the defendant's right to amend their answer and affirmative defense.

On an examination of the complaint we find that it states a cause of action and the court therefore did not err in overruling the demurrer to the complaint.

As above stated, this action was based on a contract for the purchase of real estate, by the terms of which, if the appellants failed to make the payments as stipulated and to pay all taxes and assessments against said land, the plaintiff was authorized to declare a forfeiture of the contract and time was made of the essence of said contract. By the answer and cross-complaint of the defendants, they admitted that they entered into said contract; that they had failed and neglected to make the payments as stipulated, but undertook to justify such failure by alleging that the plaintiff did not have title to a part of said lot and hence could not convey it to them by warranty deed as she had agreed to do, and could not furnish them an abstract of title showing a clear title in her. By their cross-complaint they sought to recover back the amount of money paid and a further sum by reason of the removal of certain electrical fixtures.

Under a well-established rule of law the allegations contained in said amended answer and cross-complaint were no defense to this action. The defendants ought to have tendered a compliance on their part with the provisions of said contract; they ought to have tendered the purchase price as stipulated and then if the plaintiff failed to produce an abstract of title showing a clear title and a warranty deed, as provided in the contract, they would have been in a position to recover back whatever damages they had sustained by reason of the plaintiff's failure or inability to comply on her part with its provisions. The vendees could not retain possession of said land and refuse and neglect to pay the price when due, or offer to pay it, since the failure of title would not give them the right to continue in possession and also the right to recover back the payments made on the land.

In *Brentnall v. Marshall*, 10 Kan. App. 488, 63 Pac. 93, it was held that where payments are to be made in instalments and deed given on the payment of the last instalment, the vendor may rescind for failure to pay any of the instalments preceding the last without tender of a deed. A similar case is that of *Voight v. Fidelity Inv. Co.*, 49 Wash. 612, 96 Pac. 162, wherein it was held that the covenant to pay the first

instalment and the covenant to convey were not concurrent; hence a forfeiture of the contract for the nonpayment of the instalment might be made without tendering a deed. It is only the payment of the last instalment and the delivery of the deed that are mutual, concurrent and dependent obligations. (*Lewis v. Wellard*, 62 Wash. 590, 114 Pac. 455. To the same effect is *Reese v. Westfield*, 56 Wash. 415, 105 Pac. 837, 28 L. R. A., N. S., 956.)

In the case at bar there was a written notice of intention to declare a forfeiture given to the defendants and more than a month given to them to make payment and defeat the proposed forfeiture. Under that state of facts and under the terms of the contract of sale, the defense set up in the answer and cross-complaint are no defense, since the payment of the last instalment and the delivery of the deed and abstract were mutual, concurrent and dependent obligations, and in case the plaintiff failed to produce the proper abstract and the deed upon the tender of the last payment, then the defendants would have placed themselves in a position to demand and recover damages they had sustained by reason of such failure on the part of the plaintiff.

In this view of the case, it is not necessary to pass specifically upon the question of whether the court erred in striking out the amended answer and cross-complaint, since the defendants could not recover from the plaintiff until she had defaulted in some of her covenants embodied in said contract.

The judgment of the trial court must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Truitt and Budge, JJ., concur.