No. 41,084

GLENN W. LOVE and JANE E. LOVE, *Appellees,* v. TOM GIVENS, *Appellant.*

(331 P. 2d 585)

Opinion filed November 8, 1958.

*David H. Fisher* and *Donald Patterson,* both of Topeka, were on the briefs for the appellant.

*Arthur S. Humphrey,* of Junction City, was on the brief for the appellees.

The opinion of the court was delivered by

JACKSON, J.: This suit was begun in the court below by Mr. and Mrs. Love to specifically perform a written contract for the sale of an undivided half interest in certain described real estate and personal property located thereon to the defendant, Tom Givens, as vendee. The petition ended with the following allegations and prayer:

"5. That by reason of the within facts, defendant has become in default for more than thirty (30) days and plaintiffs hereby exercise their option to declare the entire principal balance plus accrued interest due and payable as of February 15, 1957.

"WHEREFORE, Plaintiffs pray judgment against defendant in the sum of $3,342.80 with interest at the rate of five per cent per annum on said sum from September 20, 1956, until paid, together with their costs of action herein.

"Plaintiffs further pray that defendant be declared to be solely liable as between the parties for the payment of the indebtedness mentioned in 'Exhibit A' to the Reconstruction Finance Corporation."

After a motion by defendant, plaintiffs amended their petition by interlineation adding the following:

"That plaintiffs have fully performed all acts required of them by said contracts."

Later an amended answer (really a second amended answer) was filed by defendant. To this answer plaintiffs filed a reply, and thereupon defendant filed a demurrer and also a motion for judgment on the pleadings. Both of these objections were overruled by the trial court, and defendant appeals from the orders of the trial court. We shall continue to refer to the parties as they appeared in the trial court.

The demurrer of the defendant, which was not filed until after he had answered and plaintiffs had replied, recited: "Comes now the defendant and demurs to the petition of the plaintiffs."

Despite this statement, the demurrer is to be taken as one filed in accord with the provisions of G. S. 1949, 60-718.

The only faults defendant attempts to find with the petition are in connection with a comparison of the petition with the reply. Of course, such a demurrer has the power to search the record back to the petition. (State v. County of Pawnee, 12 Kan. 426; Rohrbaugh v. Cunningham, 101 Kan. 284, 166 Pac. 471; and cases in West, Kan. Dig. Pleadings sec. 217, Hatcher's Kan. Dig. Pleadings sec. 157.)

In the Rohrbaugh case, it will be noted that a defendant's demurrer to the reply was sustained against his own insufficient answer.

Defendant's motion for judgment on the pleadings only raises the same questions attempted to be raised by the demurrer and requires no separate consideration herein.

Before considering the validity of the challenge to the pleadings by defendant's demurrer, we shall have to amplify our account of the pleadings themselves to a limited extent. Plaintiffs' petition shows that the original contract to sell this property was entered into between the parties on July 30, 1952; that contract is attached and made a part of the petition as Exhibit A. The defendant by the original contract agrees to buy the property for the sum of $7,800 payable in monthly installments of $200 together with interest

upon the principal amount at the rate of five percent per annum. The property was to be purchased "subject to all outstanding liens, encumbrances and indebtedness." The defendant as the purchaser further agreed:

"Second party agrees to purchase the above described real and personal property on the terms and conditions herein mentioned, agrees to assume and pay all outstanding liens, encumbrances and indebtedness thereon, including a mortgage to the Reconstruction Finance Corporation, a Federal Cabaret Tax assessment, and various chattel mortgages and conditional sales contracts against items of personal property above mentioned, and further agrees to make the payments of principal and interest as above provided.

"It is further mutually agreed between the parties hereto that the certain lease agreement between said parties dated the seventeenth day of April, 1952, is hereby terminated as of the date of this agreement.

"Party of the second part further agrees to assume and pay the unpaid principal sum balance due and owing under the real estate purchase contract dated the 16th day of January, 1951, in accordance with the terms thereof and to perform each and every condition therein contained.

"It is further stipulated and agreed between the parties hereto that time shall be the essence of this contract, and if second party shall fail to pay the aforesaid sums, or any of them, or fail to perform any other condition or term of this agreement strictly and literally at the times when the same are due and payable or should be performed, then thereupon this contract shall cease and wholly terminate at the option of first parties, and if so terminated it is agreed that all sums of money paid herein by second party to first parties shall be deemed to be rental payments and in settlement of the unliquidated damages caused by the breach of this contract."

On July 1, 1954, the plaintiffs and defendant entered into a supplemental written agreement which will be summarized as follows:

It was recited that defendant was then in default under the terms of the above original agreement and still owed the sum of $5,100 upon the principal amount together with the sum of $405 accrued interest as of July 1, 1954; that defendant agreed to pay the principal amount and interest then due in monthly payments of $60 per month; that the payments would be made to the escrow agent designated in the original agreement; and that:

"Should any payment hereunder be in default for a period of thirty (30) days, second parties (plaintiffs herein) may, at their option, declare this agreement terminated and the entire principal balance, plus accrued interest, shall thereupon become due and payable."

The above supplemental contract was made a part of the plaintiffs' petition and marked Exhibit B.

The last draft of defendant's answer reads as follows:

"Amended Answer

"Comes now the defendant and for his amended answer to the petition of the plaintiffs, as amended by interlineation, denies, alleges and states as follows:

"1. Defendant denies each and every, all and singular, the allegations, statements, and averments therein contained, except those matters expressly admitted herein.

"2. Defendant admits the residence of the plaintiffs as set out in Paragraph # 1 of said petition.

"3. Defendant admits the execution of the agreement and supplemental agreement as set out in Paragraphs # 2 and # 3 of said petition and further admits that the payments set out in Paragraph numbered 4 of the petition were made by the defendant but further alleges that said payments were made prior to the time the defendant had knowledge of the plaintiffs' failure to perform said agreements as alleged in their said petition as amended by interlineation, and which performance the defendant specifically denies.

"Further answering, the defendant specifically denies that the plaintiffs, both of them jointly or either of them separately, executed an assignment of their interest in a certain real estate contract dated January 16, 1951, executed by R. D. Winters and Irma Winters, his wife, as grantors and Glenn W. Love and Tom Givens as grantees for the purchase of real estate commonly known as The Meadows and Grant Avenue Trailer Court, 205 Grant Avenue, Junction City, Kansas. Defendant further specifically denies that the plaintiffs, or either of them, tendered the assignment of said contract to him at any time, or to the court, or delivered the assignment of their interest in and to said contract to the Central National Bank, Junction City, Kansas, as escrow agent in the manner required by Exhibit 'A' attached to plaintiffs' petition. Defendant further specifically denies that the plaintiffs, or either of them, have at any time executed a Warranty Deed showing the defendant as grantee and themselves as grantors covering the above described real estate, or have at any time tendered said deed to the plaintiffs, or to the court, and further specifically denies that said Warranty Deed was at any time delivered to the above named escrow agent as required by the agreement set out as Exhibit 'A' attached to plaintiffs' petition. Defendant further specifically denies that the plaintiffs, or either of them, have at any time executed a bill of sale conveying their interest in the personal property described in Exhibit 'A' attached to plaintiffs' petition, to the defendant, and further denies that the plaintiffs have at any time tendered said bill of sale to the defendant or to the court, and deny that they have delivered said bill of sale to the escrow agent named in said Exhibit 'A' in the manner required by the terms and conditions of Exhibit 'A' attached to plaintiffs' petition.

"4. Further answering, the defendant alleges that this court does not have jurisdiction over either the subject matter or the necessary parties to declare that defendant is so liable for the payment of the indebtedness mentioned in Exhibit 'A' attached to plaintiffs' petition, to the Reconstruction Finance Corp.

"Wherefore, defendant prays that plaintiffs take nothing by their petition and that he be given judgment for his costs."

The plaintiffs filed the following reply to the above answer:

"REPLY

"Come now the above named plaintiffs and for their Reply to the Amended Answer of defendant say:

"1. That the contract attached to plaintiffs' Petition marked 'Exhibit A' was drafted by a firm of attorneys-at-law employed by plaintiffs and defendant for that purpose; that plaintiffs had confidence in said lawyers, and that when plaintiffs signed the contract that they would be instructed as to any further duties they had to perform and would be presented with any necessary instruments; that no assignments, deeds or bills of sale were tendered to them for plaintiffs' signature; that plaintiffs have at all times stood ready and willing to execute any instruments necessary to carry out said contract and do now offer to execute any such instruments demanded by defendant; that defendant is not yet by the terms of said contract entitled to delivery of said instrument and has not been prejudiced by their non-execution.

"2. That plaintiffs' failure to execute the instruments above mentioned was obvious from an examination of the escrow and was as well known to defendant as to plaintiffs, but notwithstanding such knowledge of defendant he nevertheless made the payments set out in plaintiffs' Petition and thereby led plaintiffs to believe that he was well satisfied with the contract and plaintiffs' performance as is provided by said contract; that plaintiffs, after execution of the contract, gave defendant exclusive possession of the property and business described in said contract and defendant took and has retained such possession and has kept the profits therefrom ever since; that by reason of the premises defendant is estopped to claim the default set up by him in said Amended Answer; that defendant's conduct has ratified and confirmed said contract.

"3. That defendant has not tendered possession of said premises or any share of the profits therefrom to plaintiffs, and that by reason of the same defendant has estopped himself to deny plaintiffs' right to enforcement of said contract."

The first and principal objection of the defendant to the attempt of the plaintiffs to state a cause of action for specific performance of the contracts and recovery of the purchase price is that it appears from the reply that plaintiffs had not executed a deed to their interest in the real estate along with bills of sale to the personal property, and had not deposited the same with the escrow agent as provided in the original contract of sale entered into on July 30, 1952; defendant contends, therefore, that plaintiffs had not fully performed their obligations as alleged in their petition. It will be noticed that in the reply, plaintiffs offered to furnish these documents and further show that defendant had never become entitled to receive them from the escrow agent. It should be further noticed that the original contract of sale sets no specific time when such instruments should be de-

livered to the agent, and provides: "Said instruments and other papers to be delivered to second party upon the fulfillment of the terms of this agreement."

True it might have been convenient, in case of the death of one or both of the plaintiffs, if the deed had been filed with the escrow agent. But there appears no reason to prevent the plaintiffs from now giving a proper conveyance to defendant on receipt of the purchase price. The district court, as a court of equity, is amply able to safeguard the rights of the defendant and to provide that plaintiffs shall convey the interest in the property to defendant in exchange for the purchase price. In fact, the court's decree can convey title to the defendant under G. S. 1949, 60-3108.

It would appear that defendant relies to a great extent upon the case of *Soper v. Gabe*, 55 Kan. 646, 41 Pac. 969. But defendant overlooks the fact that the chief fault found with the judgment of the trial court in that case was that it had ordered the defendant to pay to the plaintiff some $13,000 purchase money, and, as said by the learned Mr. Justice Johnston, "No provision was made whatever for securing a title to the land to the defendants, nor that the plaintiffs should execute a deed to the defendants upon the satisfaction of the judgment, or at any other time." (p. 649)

Further in the opinion, the great justice said:

"There being no inquiry or finding concerning the title or the ability of the Gabes to convey, this court is without power to direct any modification of the judgment respecting title. The error in the judgment is not a mere technical defect in form, but it is a substantial one in failing to protect the rights of the purchasers, and in adjudging a specific performance without providing for a conveyance to them of the property for which they were required to pay." (p. 653)

Plaintiffs not only offer to convey in the case at bar, but the district court will be fully able to protect the defendant as suggested in the case of *Soper v. Gabe*, supra.

The above really disposes of the questions in this case. Defendant suggests plaintiffs cannot state a cause for damages for breach of contract because of certain language in the original contract providing that in case of default by the vendee, the vendors might retake possession of the land and that all amounts received should be considered rental payments and in settlement of the unliquidated damages caused by the breach of contract. The short answer is that plaintiffs did not seek to sue for breach of contract and damages,

but for specific performance and recovery of the purchase price under the terms of the supplemental agreement. It would also appear defendant is still in possession of the property.

There is some argument that the court did not have jurisdiction of the case. This seems to be based upon a contention that the Reconstruction Finance Corporation should have been made a party to the suit, see second paragraph of the prayer to the petition, *supra*. This is only a strained construction of plaintiffs' rather plain allegations and prayer for relief, and clearly untenable. Moreover, even if there had been a defect of parties, which there was not, that defect would have been reached by a motion under G. S. 1949, 60-741, and not by demurrer. All other contentions have been fully considered, but require no comment.

The orders of the trial court appealed from were correct, and are hereby affirmed.